CHARLES H. PARKER & another, trustees, *vs.* ARTHUR
D. HILL.

Middlesex.    December 15, 1903. — January 7, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Trust,* Compensation of trustee.

In this Commonwealth there is no rule of law that trustees are to receive a com-
mission of five per cent on all income received and paid out. Under our stat-
utes the only rule of law is that a trustee is to receive a just and reasonable
compensation for all services performed in the execution of his trust.

Where in passing upon a trustee's account the Probate Court has made an allow-
ance for services in the form of a commission upon income received and paid out,
and it appears that the allowance was made as a proper compensation for all the
services of the trustee during the period covered by the account, no additional
allowance should be made to the trustee as compensation for having received
and reinvested as capital money from the sale of rights to subscribe to new
shares of a corporation and from dividends issued by a land company as pay-
ments from its capital.

APPEAL, from a decree of the Probate Court for the County
of Middlesex, disallowing two items in an account of the peti-
tioners as trustees under the will of Eliza I. Greenough. Peti-
tion in the Probate Court filed December 17, 1902.

On appeal the case came on to be heard before *Braley,* J., who,
at the request of the parties, reserved it upon the record of the
Probate Court, the objections to the decree, and an agreed state-
ment of facts, for the consideration of the full court, such order
to be made therein as justice and equity might require.

The items disallowed were dated January 31, 1902, and were
under the heading "Changes in Investments since last Account."
One was a charge of a commission of five per cent on a sum re-
ceived from the sale of rights to subscribe to new shares to be
issued by the American Telephone and Telegraph Company,
and the other was the charge of a like commission on dividends
made by the Boston and Roxbury Mill Corporation, whose en-
tire assets consist of real estate and whose dividends are treated
on the books of the corporation as dividends of capital.

*H. J. Coolidge,* (*A. P. Loring* with him,) for the appellants.
*A. D. Hill, pro se,* was not called upon.

KNOWLTON, C. J.   The appellants are trustees under a will, and they appeal from a disallowance by the Probate Court of two items in their account, in each of which they ask to be allowed a commission of five per cent on the proceeds of certain property which belonged to the capital of the fund in their hands, and which they turned into money and held for reinvestment.

The law relating to the compensation of trustees differs greatly in different places.   In England the rule has been that they should be allowed no compensation for the performance of their official duties.   In some of the American States statutes have been passed providing for the allowance of commissions at graduated rates on the sums received and paid out.   In this Commonwealth "An executor, administrator, guardian or trustee shall be allowed his reasonable expenses incurred in the execution of his trust, and shall have such compensation for his services as the court in which his accounts are settled may allow." R. L. c. 150, § 14.   In Pub. Sts. c. 144, § 7, from which this section was taken, in the place of the last word "allow," were the words "deem just and reasonable."   This change of language does not change the meaning of the section or the principles on which allowances are to be made.   It is compensation that is to be allowed, and the amount should be neither more nor less than is just and reasonable.

This case has been argued by the appellant as if it were a rule of law that trustees are to be allowed a commission of five per cent on all income received and paid out; and the burden of the argument is that this rule should be extended to sums received from capital and reinvested.   There is no such rule of law in Massachusetts.   The only rule of law is that a trustee is to receive a just and reasonable compensation for all services performed in the execution of his trust.   Under the statute there can be no such rule of law applicable alike to cases in which the amount of service rendered is necessarily large and to cases in which the service rendered is very small in proportion to the amounts received and paid.   The meaning of the statute is that the compensation is to be just and reasonable in each case, considered by itself alone.   In respect to the amount and value of the services, cases differ otherwise than in the amounts·of the

receipts and disbursements. In the cases in which the allowance of an amount expressed in the form of a commission of five per cent has been approved by this court, the decision has been only that the amount was reasonable upon the facts shown in the particular case, not that this amount would be reasonable in all cases, or as a rule to be followed in cases generally. In *May* v. *May*, 109 Mass. 252, 258, in which the court disallowed compensation expressed in the form of a commission for moneys received and paid out in changing investments, the court said, " The true principle would be, adequate reward according to the circumstances of the case. *Post* v. *Jones*, 19 How. 150. We should however be very unwilling to sanction the practice of putting that compensation in the form of a commission upon the amount expended or reinvested, and therefore we cannot allow these charges in their present form." In *Blake* v. *Pegram*, 101 Mass. 592, 600, in which sundry charges for commissions were disallowed, the true principle was stated by Mr. Justice Wells as follows: " Such a commission upon income received and paid over is allowable only as a convenient measure of compensation for services supposed to have been actually rendered. It implies something more than mere nominal service and the responsibility of the trust. There is no rule of law and no principle of right by which such commissions are to be charged or allowed without regard to the rendition of actual services therefor."

It is often difficult to measure the compensation which should be allowed for the services of a trustee in the care and management of an estate. The amount of property in his charge and the amount of income received from it are to be taken into account in determining at what rate he shall be compensated for the care and thought and intelligence, as well as the manual service, which are given to the performance of his duties. When the value of these, considered in relation to the trustee who has been the actor and to the beneficiary who has been the recipient, is ascertained, it may sometimes be expressed conveniently in the form of a percentage on the amounts received and disbursed. Many cases may be so similar in all the elements to be considered in determining what amount of compensation is reasonable that they may be grouped in a class, and in each case the same per-

centage of the income received and paid over may properly represent the compensation to be allowed for all the services rendered. Undoubtedly there are other cases in which a compensation determined according to a percentage allowed in cases belonging to a common class, without reference to other considerations, would be too high, and others in which it would be too low. In some cases there would be special services of a peculiar kind whose value could easily be fixed according to usual standards. Everything that a trustee does rightly and properly is to be paid for, and nothing is to be given as a commission except for services actually rendered, and as a measure of reasonable compensation for the service.

The claims for commissions for changing investments were rightly disallowed in this case. But this service was to be paid for as well as any other service. Occasional changes of investments are a part of the ordinary services of trustees, and are similar to services commonly rendered by trustees in watching their investments to see whether any action should be taken in regard to them.

We find in this account allowances for services in the form of commissions upon income received and paid. We infer from the record and the argument that these allowances were made as a proper measure of compensation for all the services of the trustees during the period covered by the account. If this inference is correct, no specific allowance should be made for the changes in the investments. If this is a mistake, and if the allowances made in other parts of the account do not fairly compensate the trustees for all their services, their compensation should be increased so as to make it just and reasonable.

The decree of the Probate Court will be affirmed unless within ten days after this decision an application is made by the trustees that the account be opened as to their compensation for all services. If such an application is made, the case will stand for a further hearing in the Probate Court.

*So ordered.*