## CALDWELL v. HOPKINS.

(Court of Appeals of District of Columbia. Submitted April 6, 1920. Decided May 3, 1920.)

### No. 3310.

1. **Trusts ⊜316(1)—Trustee may be allowed commission on principal of estate.**

   In a proper case, commission to a trustee may be allowed on the principal, as well as on the income, of the estate.

2. **Trusts ⊜316(1)—Trustee allowed commission on principal only for unusual services.**

   A trustee will be allowed a commission on the principal of the estate, in addition to his commission on the income, only for unusual services rendered by him, which are not compensated by his commissions on the income.

3. **Trusts ⊜315(3)—Allowing commission to trustee on principal as matter of law is erroneous.**

   Where petition for commission to a trustee from the principal of the estate referred the court to proceedings and entries in the case, and asked permission to produce evidence as to the services rendered, the court should have required production of such evidence to determine whether the services were not fully compensated by an allowance of the maximum commission on the income, for the stated reason that it was based on the character of the trust and the services and responsibility imposed, and it was error to direct payment of commission from the principal, on consideration of the petition and answer alone.

4. **Trusts ⊜315(3)—Commission to deceased trustee may be allowed on petition of administratrix before final distribution.**

   If the services of a trustee before his death entitled him to a commission on the principal of the estate, such commission may be allowed on the petition of his administratrix before the final distribution of the trust estate.

5. **Trusts ⊜315(3)—Commission on principal properly referred to auditor.**

   On petition by administratrix of deceased trustee for commission on the principal of the estate, it was proper for the court, after passing on the issues made by the pleadings and the principles on which the account was to be taken, to refer the matter to the auditor to determine the amount of commission.

Appeal from the Supreme Court of the District of Columbia.

Petition by Anne Seymour Hopkins, administratrix with the will annexed of the estate of William A. Jones, deceased, against Hugh M. Caldwell, as substituted trustee, to recover commission for services by petitioner's intestate as trustee. From a decree allowing the compensation prayed for, and referring the matter to the auditor to determine the amount, the substituted trustee appeals. Reversed and remanded.

Eugene A. Jones, of Washington, D. C., for appellant.

Paul E. Lesh, of Washington, D. C., and F. S. McCandlish, of Fairfax, Va., for appellee.

⊜For other cases see same topic & **KEY-NUMBER** in all Key-Numbered Digests & Indexes

SMYTH, Chief Justice. This appeal brings before us for review a decree of the Supreme Court holding that a trustee was entitled to receive compensation out of the corpus of the trust estate for his services in handling and caring for the estate, in addition to 10 per cent. paid to him on all collections and allowances for disbursements made by him for counsel fees, premium on his bond, and other outlays.

William A. Jones was for about 20 years a trustee of the estate of Sarah A. Hagner, deceased. He died in 1918. The estate consisted of personal and real property valued at about $121,000. He sold the real estate and invested the proceeds. When he took charge of the estate it produced yearly about $3,500, but under his management the income therefrom increased, so that at the time of his death it amounted to upwards of $6,300 a year.

Upon the death of Mr. Jones, Mrs. Anne S. Hopkins, his daughter, was appointed administratrix of his estate, and as such took possession of the trust estate. Mrs. Caldwell, life tenant, and mother of the potential remaindermen under the will of Sarah Hagner, and the wife of Hugh M. Caldwell, the appellant, filed a petition, asking that her husband be substituted for Mr. Jones as trustee. He was appointed in October, 1918, but did not qualify for more than a year thereafter. In the meantime Mrs. Hopkins continued under the order of the court to administer the trust estate. Upon his qualifying, she turned over to him all the trust property, except sufficient to cover claims made by her against the estate.

Later she filed a petition as administratrix c. t. a. of the estate of William A. Jones, deceased, in which she claimed, after alleging that she had turned over to Caldwell the property as just stated, that a commission was due her on the income collected by her after the death of Mr. Jones, and on that portion of the corpus of the trust estate on which no commission had been allowed either to her or Mr. Jones; also that she was entitled to an allowance for counsel fees. She then recited the appointment of Mr. Jones, first as receiver of the trust estate, and then as trustee; described the property of the estate as a farm in Virginia and two houses on H street, Washington; that there was an indebtedness, chargeable upon the houses, of $8,000 and interest; that the farm yielded no income, but the houses produced a rental of $3,450 annually; that he sold the Virginia farm for $6,500, and out of the proceeds paid the balance due on the houses; that in 1911 he consummated a sale of the houses for $123,000, after having been authorized to do so by the court; that he was directed to hold and invest the proceeds of the sale upon the same trusts as he had held the real estate; and that he continued to administer the trust until the time of his death, when the income therefrom was $6,300 per annum. She referred for a more detailed disclosure concerning the matters just mentioned, to the proceedings and entries theretofore had and made in the case, and asked leave to produce such evidence as might be considered desirable touching the services rendered.

She further stated that a commission of 10 per cent. had been allowed to Mr. Jones in respect to the income collected by him, also

5 per cent. on account of the principal derived from the sale of the Virginia farm; that no allowance on the balance of the principal of the estate, including the sale of the H street property, had been claimed or made by the trustee; that allowance had been made to him from time to time for counsel fees; also that no allowance or commissions had been made to her for administering the trust since the death of her father, and none for services of her attorneys in that connection; and she prayed that the matter be referred to the auditor for the purpose of settling the commissions and allowances, and for general relief.

Mrs. Caldwell and the substituted trustee, Hugh M. Caldwell, filed separate answers. They denied that the estate of Jones was entitled to any commission, either on the principal of the estate or on the income, or that Mrs. Hopkins was entitled to an allowance for attorney's fees; alleged that the income of the estate, after deductions of commissions and charges, was less than $6,000; referred to the record of the cause for the accuracy of their statements; and denied that there was any necessity for an accounting by the auditor.

Mr. Jones, during his administration of the estate, filed only two reports with the auditor—one in 1905 and the other in 1911. In each he made claim for commissions and allowances for disbursements. He asked and was allowed by the auditor 10 per cent., "the maximum commission on income." The allowance was made, the auditor said, "in view of the character of the trust and the services and responsibility imposed upon him." At no time did Mr. Jones make or intimate any claim for a commission on the corpus. The entire amount received by him as commission was $8,616.53. In addition he was allowed counsel fees, the premium on his bond, and a commission of $3,690 paid to brokers for effecting the sale of the H street property.

The decree of the court, appealed from, recited that the cause came on to be heard "upon the petition of Anne Seymour Hopkins * * * and the answers thereto of Hugh M. Caldwell, substituted trustee, and Sarah S. Caldwell," and held that the estate of William A. Jones was "entitled to an allowance of commissions upon the corpus of the trust estate administered herein by him as trustee until the time of his death, the amount of said commission upon the corpus to be determined by the auditor upon the reference hereinafter made," and made certain other findings, immaterial here because the only matter complained of by the appellant is the holding in respect to the commission on the corpus, and the reference of the subject to the auditor.

[1] It is settled law in this District that in a proper case a commission may be paid on the principal, as well as on the income, of an estate to a trustee. Such was the ruling of the Supreme Court of the United States in Barney v. Saunders, 16 How. 535, 541, 14 L. Ed. 1047, a case which went up from this court. In passing upon the question the court said that it was customary to make the allowance in Maryland and in this District "where the trustee has performed his duties with honor and integrity." This decision was followed by us in Magruder v. Drury, 37 App. D. C. 519, 538, which, on appeal, was

affirmed upon this point, but reversed as to other matters. 235 U. S. 106, 113, 35 Sup. Ct. 77, 59 L. Ed. 151.

[2] It will be noticed, however, that both in the opinion of this court and of the Supreme Court in the Magruder Case stress is laid on the important character of the services rendered. Mr. Chief Justice Shepard, who spoke for the court, quoted this significant passage from the report of the auditor:

"Those collections and their disbursement form but a part of the service imposed upon these trustees, and a much smaller part of their responsibility. I have taken into consideration the magnitude of the principal, personal estate, and its shifting character, as illustrated by the conversion of more than one-half of the promissory notes into money during the period of this account, and the reinvestment of the funds in other safe, interest-bearing securities, as well as the discharge of nearly $30,000 of liens upon the real estate. The compensation allowed in this report is less than the value of the service, but no more is claimed by the trustees."

Commenting upon this the Chief Justice said:

"We think it sufficient to say that, while the allowance was a liberal one, it is not obviously excessive."

When the case reached the Supreme Court, reference was made there also to the unusual character of the work done by the trustees as disclosed in the report of the auditor. The opinion says:

"As to this allowance, the auditor made a lengthy finding of fact, setting forth in detail the services rendered by the trustees over a period of ten years, finding, as to the character of the estate, that the great bulk thereof was second trust notes of small amounts, as to which the auditor says that the transactions were almost innumerable, the total number of notes approximating 3,000, and he sets forth in detail other services involving care of the real estate, looking after the repairs of the property, acquiring parcels of real estate, and the sale thereof, and saying in conclusion that he had no hesitancy in finding that the trustees were well entitled to the commissions allowed."

A study of these cases satisfies us that it was not the intention of either court to rule that a trustee may have a commission on the corpus in every case, but that the amount of compensation to which he is entitled should be determined upon a review of all the facts surrounding the administration of the estate. If the sum which he has received as commission on the income satisfies the requirements of justice, then he should have no more. A trustee is to be given no commission, "except for services actually rendered, and as a measure of reasonable compensation for the service." Parker v. Hill, 185 Mass. 14, 17, 69 N. E. 336, 337. Equity is reluctant to diminish the corpus of a trust estate, and will not do so, except upon a clear showing that justice to the trustee demands it. In re Jones, 4 Sandf. Ch. (N. Y.) 658; Thouron's Estate, 182 Pa. 126, 37 Atl. 861; In re Bosler's Estate, 161 Pa. 462, 29 Atl. 57; 39 Cyc. 487. In the latter it is said:

"As a general rule, commissions on the principal sum coming into the hands of a trustee will not be allowed."

Usually the fund belongs to one person and the income to another. Manifestly it would be unfair to deplete the former for the purpose

of paying for services which are of value only to the latter.  Investments and reinvestments ordinarily redound to the benefit of the income only.  If the corpus increases, it may be a question as to whether or not the increase was due to the management of the trustee or to causes with which he had nothing to do.

In the case at bar the trustee was allowed 10 per cent. on all collections made by him from the beginning of his trust.  In granting him this amount the auditor said he had in mind that he was compensating him, not only for the collection of the income, but for other things as well, for he says the allowance was made "in view of the character of the trust and the services and responsibility imposed. * * *"  In addition to his commission on the collections, the trustee was reimbursed, as we have seen, for expenditures made on certain accounts.  When important work was to be done, he enlisted. the service of others, and they were paid out of the estate.  He at no time claimed a commission on the corpus.  Does this, when taken in connection with what the auditor said when making him the allowance of 10 per cent., indicate that the 10 per cent. was to be in full for all services and was accepted as such by the trustee?  If so, he is not entitled to anything additional.

[3] The trial court evidently proceeded upon the mistaken theory that the trustee was entitled, as a matter of law, to a commission on the corpus, in addition to what he had received on the income, irrespective of the duties performed and services rendered.  It considered nothing but the petition and the answers, according to the statement in the decree.  It is true that Mrs. Hopkins in her petition referred the court for a more detailed disclosure of the allegations in her petition to the proceedings and entries theretofore had and made in the case, and asked permission to produce such evidence as might be desired concerning the services rendered.  The court did not consider any of these things, but based its judgment upon the allegations of the pleadings alone.  Herein we think it erred.  It should have required the administratrix to lay before it all the facts and circumstances touching the management of the fund, its investment, etc., for the purpose of enabling it, upon a review of the whole situation, to say whether or not the 10 per cent. which had been given was sufficient to compensate the trustee for his services, and, if not, how much more should be allowed his estate, so as to make the compensation reasonable and just.

[4] It is strenuously urged by the appellant that even if an allowance should be made out of the corpus of the estate, this cannot be done until the trust has terminated and the corpus is about to be distributed.  For this proposition he relies chiefly upon Pennsylvania cases.  While the earlier decisions in that state furnish some support to his position, the later ones do not.  In Bosler's Estate, 161 Pa. 463, 29 Atl. 60, the court said:

"So far as we have been able to discover, by a somewhat exhaustive examination of cases, the commission on the corpus is never allowed until the trust has ended, *or at least the particular trustee has ceased to be such.*" (Italics ours.)

To the same effect are Thouron's Estate, 182 Pa. 126, 37 Atl. 861; Penn.-Gaskell's Estate, 208 Pa. 342, 57 Atl. 714; Weiser's Estate, 20 Pa. Dist. R. 454. Here the trustee is dead, and, if his estate has any right to a compensation upon the corpus of the trust estate, it may be enforced now.

[5] Finally, it is argued by the appellant that the court erred in referring the matter to the auditor. Easter v. Ralston, 32 App. D. C. 12, is cited by him as an authority for his contention. That case decided, inter alia, that the court, before referring a cause without consent of the parties, should pass upon the issues made by the pleadings, and should also declare the principles upon which the account is to be taken. This course was pursued in the case before us, and hence there is no error.

The decree must be reversed, with costs, and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.