## BROSNAN v. FOX.

(Court of Appeals of District of Columbia. Submitted October 3, 1922. Decided November 6, 1922.)

No. 3783.

1. **Executors and administrators ⬛⇒31—Executor has official power pending appeal from judgment vacating judgment admitting will to probate.**

Where an appeal was taken from a judgment vacating the judgment admitting the will to probate, the executor named in the will and duly appointed will continue to have executorial power until the estate is fully administered, or in the event of the invalidity of the will being finally sustained, until the estate has been turned over to his successor and he has been released by the court.

2. **Executors and administrators ⬛⇒499—Executor not entitled to commissions prior to termination of services in connection with estate.**

An executor, prior to final settlement of the estate, or the termination of his services in connection with the estate, is not entitled to an allowance of commissions under Code, § 365, authorizing the court to allow an executor or administrator commissions of not less than 1 or more than 10 per cent. of the inventorial value.

3. **Executors and administrators ⬛⇒499—In compensating executor, value of further services by his successor to be considered.**

Where, for any reason, the services of an executor in connection with the estate are terminated, and an administrator is appointed as his successor, in compensating the executor, further services likely to be required of administrator should be considered, as Code, § 365, authorizing the court to allow an executor or administrator commissions of not more than 10 per cent. of the inventorial value, prohibits an aggregate allowance of a greater amount to two or more executors or administrators, either jointly or in succession.

4. **Executors and administrators ⬛⇒272—Where there is sufficient personalty to pay debts, rents accruing after testator's death not to be used for that purpose.**

Where there is sufficient personalty to pay debts, rents accruing after testator's death, being realty, should not be used for that purpose.

5. **Executors and administrators ⬛⇒494—Executor, defending validity of invalid will, entitled to compensation for his services.**

Laws Md. 1798, c. 101, subc. 10, § 2, providing for an allowance to an executor or administrator for extraordinary expenses not personal, laid out in the recovery or security of any part of the estate, is not inconsistent with Code, § 365, omitting the words "not personal," as this is a limitation concerning executor's personal expenses, and not his compensation, and under these acts an executor, defending the validity of a will ultimately found to be invalid, is entitled to an allowance of reasonable compensation for his services.

Appeal from the Supreme Court of the District of Columbia.

Proceeding between Margaret E. Brosnan and Albert F. Fox. From so much of an order as allowed the latter commissions for services as executor under the last will and testament of Timothy Brosnan, the former appeals. Reversed and remanded, with directions to vacate that portion of the order providing for the allowance of commissions.

W. G. Gardiner, of Washington, D. C., for appellant.
W. G. Johnson, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from so much of an order of the Supreme Court of the District of Columbia, sitting in probate, as allowed a commission for services to appellee, Albert L. Fox, as executor under the last will and testament of one Timothy Brosnan.

It appears that Timothy Brosnan died on May 2, 1919, leaving two wills, one dated May 2, 1914, and the other July 29, 1918. In the last will, appellee, Fox, was named as executor. On June 2, 1919, the executor filed a petition for the probate of the will and for letters testamentary. It appears from the will that the decedent left a widow, the appellant here, and five nieces and a nephew, children of a deceased brother, and two nieces, children of a deceased sister, as his only next of kin.

On August 12th following, no objections being made by any of the parties, the court entered a judgment admitting the will to probate "as a will of real and personal property," and letters testamentary were granted to appellee as executor. The executor reduced all the property to possession, and was proceeding with the administration of the estate, when on November 6, 1919, appellant, the widow, filed a caveat to the will, alleging mental incapacity, undue influence, and fraud in the procurement of the will. Issues for trial by jury were framed by the court, and the trial resulted in a verdict finding that the testator was of unsound mind at the date of the execution of the will. The court entered a judgment on the verdict, vacating the judgment admitting the will to probate, and adjudging the paper writing not to be the last will of Timothy Brosnan. From this judgment an appeal was taken to this court, which appeal is still undetermined.

On August 15, 1921, in compliance with notice from the court, the executor filed a full account of receipts and disbursements from the time of his appointment. In this report the executor claimed commissions for his services as executor up to the time of filing the report. Appellant filed objections to the allowance of commissions for services, and similar objections were filed by four of the nieces.

On December 27, 1921, the court passed an order providing, among other things, as follows:

"First, that the costs of the proceedings on the caveat to said will be charged against said estate and paid by the said Albert F. Fox out of the funds of the estate still held by him; second, that the said Albert F. Fox be and he is here allowed, for his services rendered as executor, commissions at the rate of 4 per centum upon the personal estate, and 4 per centum on $12,362.15, the net amount of rents collected from real estate, after deducting the sum of $476.55, the amount of commissions on said rents paid W. H. McGrann."

The order provides for further payment by the executor of $1,000 "in full of counsel fees for services in defending the contest of the said alleged will."

From so much of the order as relates to the commissions allowed the executor, upon the personal estate and rents collected from real estate, this appeal was prosecuted.

[1] It will be observed that the validity of the will is still in course of adjudication. The will was duly probated and letters testamentary issued before the caveat was filed. The status of an executor, whether

the caveat is filed before or after probate of the will, was defined in Hutchins v. Hutchins, 48 App. D. C. 286, 291, as follows:

"An executor derives his appointment from the testator, which appointment is approved and letters testamentary are issued as an incident of the probate proceedings. Hence the contention that he is not an executor until after probate is a fictitious assumption. He is an executor for the duties to be performed before probate to exactly the same extent that he is an executor for the duties to be performed after probate. The same grounds would have existed for assailing the validity of the present will after probate as before. The court found that it had been executed with all the formalities required by law to admit it to probate. Yet, had it been probated, it would still have contained the fatal defect which ultimately determined its invalidity; but, until that defect was discovered and adjudicated, the relation between the executors and the testator remained at all times the same."

Appellant has not been released by the court, nor has he applied for relief from the office of executor. He therefore is still executor under the will, with all the authority vested in him by virtue of his appointment by the testator and the letters testamentary, and will continue as such until the estate is fully administered, or, in the event of the invalidity of the will being finally sustained, until the estate is turned over to his successor and he has been released by the court.

[2] The commissions were granted under section 365, Code D. C., which provides that an executor or administrator may be allowed "commissions, which shall be at the discretion of the court, not under one per centum nor exceeding ten per centum on the amount of the inventory or inventories, excluding what is lost or perished." This places a limitation beyond which the court may not go in allowing compensation for the services of an executor or administrator, or executors or administrators, in administering an entire estate. In other words, the limitation operates and commissions are available only when the administration is closed and a final settlement approved. It is then, and only then, that the court has before it complete evidence of the amount and character of services performed, upon which he may intelligently base an allowance. It follows, therefore, that an executor prior to final settlement of the estate, or the termination of his services in connection with the estate, is not entitled to an allowance of commissions.

The statute is part of the chapter of the Code relating to final settlement of accounts of executors or administrators. The reason for not allowing compensation in the course of administration is clear. If, as in the present case, a certain percentage is allowed in course of administration, what assurance has the court that the executor will continue in office until final settlement, in order that the entire allowance for administration may be kept within the limits fixed by the statute? Contingencies may arise whereby a successor would have to be appointed, and the services required of him might be such that the unexpended portion of the 10 per cent. would be totally inadequate to equitably compensate him for his services. On the other hand, if allowances are made from time to time, approaching in total the 10 per centum limit, the situation thus created might induce the executor or administrator to resign and abandon the trust, without adequate provision being left for the compensation of a successor. Public policy, therefore, requires a strict interpretation of this statute, in order that unwarranted com-

plications may not arise, embarrassing to the court, conducive to misconduct on the part of the trustee, and negligence in the care of the estate.

[3] We interpret the statute to relate to final settlement by executors and administrators, whether it be at the time the estate is finally closed, or when for any reason a change in office occurs and the outgoing executor or administrator is called upon to render his final account and turn over the estate to his successor. But in the case of succession the court must make only such allowances as will enable it to keep the aggregate of the total allowances to the succeeding executors or administrators, within the limitation fixed in the statute. It follows that, if one executor or administrator cannot be allowed more than 10 per cent. for administering an estate, two or more, either jointly or in succession, cannot be allowed in the aggregate a greater amount.

It follows that, so long as appellee continues as executor, no allowance for services by way of compensation should be made; and if by reason of the will being ultimately adjudged invalid, or for any other reason, his services should cease, then, upon rendering his final account and turning over the estate to his successor, a reasonable allowance as compensation for his services should be made, with special reference, however, to the further services likely to be required of his successor, so that justice may be accorded each and the limitations of the statute observed.

[4] Some question is raised regarding the power of the court to order the payment of commissions out of the rents in the hands of the executor. Rents accruing after the death of the testator are real estate, and as such without the jurisdiction of the probate court, unless there is not sufficient personal property to pay the debts. It was error, therefore, to direct payment from this fund.

[5] The power of the court to allow compensation to an executor for defending the validity of a contested will, which is finally adjudicated to be void, is vigorously assailed. We held in the Hutchins Case that the executors were entitled to be reimbursed from the estate for expenses incurred in defending the validity of the will. The question of the allowance of commissions to the executors was not in that case, but we think reasonable compensation to the executor would be a legitimate expense charge against the estate. The Maryland statute of 1798, held in the Hutchins Case to be still in force in this District (Acts 1798, c. 101, subc. 10, § 2), provides that an executor or administrator may in his account have an "allowance for costs and for extraordinary expenses, not personal, which the court may think proper to allow, laid out in the recovery or security of any part of the estate." The provision for allowance for costs, attorney's fees and extraordinary expenses provided for in section 365, Code D. C., omits the words "not personal." Construing the two acts together, we find no inconsistency, since the limitation in the Maryland act applied to personal expenses of the executor, not to compensation. We are therefore of the opinion that an executor, defending the validity of a will ultimately found to be invalid and void, is entitled to an allowance of reasonable compensation for his services.

The judgment is reversed, with costs, and the cause remanded, with direction to the court to vacate that portion of the order providing for the allowance of commissions to the executor.