IN RE MARGARET SPENCER NICHOLS TRUST FUND, J. W. RATEKIN, TRUSTEE, MARGARET MIDDLEKOFF LOVEGREEN, BENEFICIARY, APPELLANT, V. JAMES STANLEY NICHOLS ET AL., RESPONDENTS.—68 S. W. (2d) 917.

Kansas City Court of Appeals. February 19, 1934.

*Baker & Baker* for respondents.

*John L. Plowman* for appellant.

CAMPBELL, C.—The will of Margaret Spencer Nichols, deceased, was proven and admitted to probate in Callaway County on December 31, 1920. Item .or clause 3 of the will follows:

"And lastly, all the rest, residue and remainder of my estate whatsoever, real, personal and mixed, and wherever situated, I give, devise and bequeath to J. W. Ratekin, as Trustee, to have and to hold the same for my son, Noah Harry Nichols, for his natural like and I hereby direct that the said J. W. Ratekin, as trustee, shall have the right to convert to cash any of my real estate. I further direct that should the income from my estate be insufficient to support and main-

tain my son, Noah Harry Nichols, that the said J. W. Ratekin is authorized to use for the support of the said Noah Harry Nichols, one-half the value of my estate at my death or any part of said one-half. And at the death of the said Noah Harry Nichols, my estate is to be divided one-half of the value of my estate at the time of my death to my granddaughter, Margaret Lovegreen, to have and to hold, to her and her heirs forever. To my grandson, James Stanley Nichols, and my granddaughter, Gladys Long Banta, to have and to hold to them and their heirs forever, the other one-half of my estate which may be left at the death of my son, Noah Harry Nichols, or such part of said one-half as has not been expended for the support of my son, Noah Harry Nichols.''

The estate of decedent was administered and final settlement thereof made in May, 1922, at which time the property in the estate of the estimated value of $8157.58 was delivered to J. W. Ratekin, the trustee named in the will.

Noah Harry Nichols, son of testatrix, died February 22, 1932. Thereafter, said trustee presented to the Circuit Court of Callaway County his petition, stating therein the manner in which he had performed the trust, the amounts received and disbursed, and prayed the court to approve his report and adjudge the respective rights and interests of the parties to this proceeding in the trust property.

The beneficiaries, James Stanley Nichols and Gladys Long Banta, filed their joint answer. Margaret Lovegreen filed separate answer. Neither answer has been assailed. The cause was tried and resulted in a decree which surcharged the accounts of the trustee and adjudged that the costs of administration ''be deducted from the body of the estate and not from the income,'' and in effect charged against the interest of Margaret Lovegreen a part of the amount of the principal of the estate which the trustee had expended in supporting and maintaining Noah Harry Nichols. Of the parties in interest only Margaret Lovegreen has appealed.

The trustee in administering the trust expended the sum of $4213.27 in supporting and maintaining Noah Harry Nichols, of which sum $2577.40 was taken from the principal of the trust estate. The trustee also expended the sum of about $1300, the exact amount is left in doubt, in paying taxes and costs of administration.

The appellant argues that the expenses of executing a trust created in a will should be charged against income derived from the trust estate and not against the *corpus* of the estate unless the testator intended such expenses should be charged upon the principal of the trust property. The following authorities support the appellant's contention: In the matter of Albertson, 133 N. Y. 43; Caldwell v. Hopkins, 265 Fed. 972, 975.

The appellant further contends that the will ''directs that 'the one-half of the value of my estate at the time of my death,' i. e., the one-

half the trustee was not authorized to encroach upon, should be given to appellant, Margaret Middlekoff Lovegreen. It is plainly evident that testatrix did not intend or contemplate there should be any deduction from said one-half.''

James Stanley Nichols and Gladys Long Banta say that the will discloses that the main purpose of the testatrix in creating the trust was to provide for the care and maintenance of her son and not to preserve the estate for the other beneficiaries named in the will. The controversy is between remaindermen and calls for a construction of the quoted clause of the will. In construing the will we must ascertain the intention of the testatrix and give effect to such intention. The testatrix said in her will that the trustee should use the income of the estate in supporting and maintaining her son; that if the income were insufficient to support her son the trustee was authorized to use for that purpose ''one-half the value of my estate *at my death.* . . .''

In the next clause or sentence the will says that upon the death of Noah Harry Nichols the estate of testatrix shall be divided ''one-half of the value of my estate at the time of my death to my granddaughter, Margaret Lovegreen, to have and to hold, to her and her heirs forever.'' In that plain, clear provision the testatrix bequeathed to appellant one-half of the value of the estate which the former owned at the time of her death. Upon the death of testatrix and the probate of her will, appellant became the beneficial owner of one-half of the value of the estate. The other provisions of the will unmistakably show that the testatrix intended that the performance of the trust should not result in diminishing appellant's bequest. The testatrix said that the trustee should use the income of the estate in supporting and maintaining her son; that if the income were insufficient to support her son the trustee was authorized to use for that purpose ''one-half the value of my estate at my death,'' and that James Stanley Nichols and Gladys Long Banta shall have ''the other one-half of my estate which may be left at the death of my son . . . or such part of said one-half as has not been expended for the support of my son. . . .'' The will allowed the trustee to use the income and the ''other one-half,'' the unexpended portion of which the will gave to James Stanley Nichols and Gladys Long Banta, but the trustee did not have right to expend any part of the ''one-half the value'' of the estate of testatrix which the will bequeathed to appellant. It follows that the interest of appellant should not be charged with any of the expenses of administration nor diminished by any other expenditure of the trustee.

The judgment is reversed and the cause remanded, with direction to render judgment in conformity to this opinion. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded, with direction to render judgment in conformity to this opinion. All concur.