**SHIELDS v. SHIELDS.**
No. 6984.

United States Court of Appeals for the District of Columbia.
Decided Dec. 5, 1938.

Rehearing Denied Dec. 22, 1938.

Frank E. Elder, of Washington, D. C., for plaintiff in error.

Milton W. King and Bernard I. Nordlinger, both of Washington, D. C., for defendant in error.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

### PER CURIAM.

In March, 1936, plaintiff sued defendant, his sister, in the Municipal Court, for (1) $128.48 rent, (2) $52.54, one-third of a bank balance, (3) $137.28, one-third of a balance of "rents," and (4) another claim which was abandoned. Defendant moved to dismiss for lack of jurisdiction. The motion was overruled, and defendant excepted. At the trial, there was testimony that the property at 616 A Street, N. E., from the rents of which defendant derived some of the money involved in plaintiff's claims (2) and (3), had belonged to the parties' father when he died intestate. Defendant was administratrix of the father's estate. It appears that the debts of the estate exceeded by about $400 the amount of the personal property applicable to their payment. The court found in plaintiff's favor in the sum of all three items, $318.30. The case is here on writ of error.

In spite of procedural defects in appellant's case, we have examined her assignments of error. "Rents accruing after the death of the testator are real estate, and as such without the jurisdiction of the probate court * * *." Brosnan v. Fox, 52 App.D.C. 143, 146, 284 F. 923, 926. Cf. Guyer v. Maynard, 1834, 6 Gill. & J., Md., *420; Seeger v. Leakin, 76 Md. 500, 510, 25 A. 862; Brown v. Fessenden, 81 Me. 522, 524, 17 A. 709; Paletz v. Camden Safe Deposit & Trust Company, 109 N.J.Eq. 344, 157 A. 456; Joselson v. Joselson, 116 N.J. Eq. 180, 172 A. 812; Ball v. Bank of Covington, 80 Ky. 501; Gibson v. Farley, 16 Mass. 280; Rubottom v. Morrow, 24 Ind. 202, 87 Am.Dec. 324. The language quoted from Brosnan v. Fox, supra, is followed by the words "unless there is not sufficient property to pay the debts;" but on mature consideration we think it clear that Tit. 29, § 237 of the Code of the District of Columbia, which permits the probate court to administer real estate when necessary for the payment of debts and legacies, contemplates a prior determination of the insufficiency of the personal property before an administrator can claim rents. Paletz v. Camden Safe Deposit & Trust Company, supra; Ball v. Bank of Covington, supra; Gibson v. Farley, supra. An administrator who has collected rents as tenant in common, or as agent, or without authority, is liable therefor in his individual capacity, and not as administrator. Goodrich v. Thompson, 4 Day, Conn., 215; Rodman v. Rodman, 54 Ind. 444, 447; Evans v. Hardy, 76 Ind. 527. Cf. Boyce's Executors v. Grundy, 9 Pet. 275, 287, 9 L.Ed. 127. Accordingly none of the claims on which plaintiff recovered below was against an administrator within the meaning of Tit. 18, § 124 of the Code, which fixes the jurisdiction of the Probate Court. All these claims were within the jurisdiction of the Municipal Court. (Tit. 18, § 193.)

Affirmed.