388

**MALONEY v. FOUNDRY METHODIST EPISCOPAL CHURCH et al.**

No. 8496.

United States Court of Appeals, District of Columbia.

Argued Nov. 2, 1943.
Decided Dec. 27, 1943.

Mr. Robert F. Cogswell, of Washington, D. C., with whom Mr. Edmund D. Camp-bell, of Washington, D. C., was on the brief, for appellant.

No appearance for appellees.

Mr. Victor S. Mersch, of Washington, D. C., Register of Wills for the District of Columbia, at the request of the Court, filed a brief as amicus curiae.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Appellant is the executor under the will of Annie W. Chieves. More than a year after the probate of the will he filed his first account in which he claimed a commission as executor of $2,843.41, amounting to five per cent of the principal assets converted to cash. After notice to all persons whose interests might be affected the account was set for hearing. No objection was made to the executor's commissions. After testimony had been taken the District Judge duly denied the motion for allowance of the executor's commission on the authority of Brosnan v. Fox, 1922, 52 App.D.C. 143, 284 F. 923. From that order the executor appeals.

In the case of Brosnan v. Fox, the executor named under a will applied for allowance of his commission while an appeal was pending from a judgment vacating the will under which he was appointed. Under those circumstances this court reversed an order allowing payment of a commission to an executor prior to the final settlement of the estate. The decision in Brosnan v. Fox was based on the fact that the total commissions allowed to executors of an estate must not exceed ten per cent. Where an executor is paid in advance there can be no assurance that he will not die or resign or be disqualified. In such a contingency there might be insufficient funds within the allowable limits to compensate the new executor. For that reason, we there held that prior to final settlement of the estate or termination of his services, an executor was not entitled to a commission.

We think that rule should be limited. It was adopted by judicial construction to carry out the purpose of the statute, and we see no reason to depart from its essential principle. It is, however, a principle of safety and caution in the payment of executors, and not a statutory rule. It, therefore, should not be applied

in such a way as to create unnecessary hardship. If after hearing evidence the court finds (1) that unavoidable delay in final settlement will cause an unreasonable hardship on the executor if payment of his commission is postponed, and (2) that there is no reasonable probability that the remaining amount available for executor's commissions will be insufficient to satisfy the claims of a possible successor, it should be within the discretion of the court to allow the advance payment of an executor's commission.

In this case, since the bulk of the estate has already been collected and the balance appears to be dependent upon the results of long litigation, appellant should be given an opportunity to establish facts which would show that postponement of payment would be an unreasonable hardship not necessary to protect the estate against his resignation or disqualification.

The order denying appellant's motion for allowance of commission as executor is, therefore, reversed and the case remanded for findings and a decree in accordance with this opinion.

Reversed and remanded.