**McLEAN et al. v. AMERICAN SECURITY & TRUST CO. et al.**

No. 35390.

United States District Court
District of Columbia.

June 24, 1953.

428

R. Sidney Johnson, Washington, D. C., Abraham L. Bienstock, New York City, for certain life tenants.

Bingham, Collins, Porter & Kistler, Washington, D. C., for certain life tenants.

Arthur P. Drury, Washington, D. C., Guardian ad litem.

McKenney, Flannery, & Craighill, Washington, D. C., for trustee.

LAWS, Chief Judge.

The American Security and Trust Company, trustee under the will of John R. McLean, who died in 1916, has moved the Court for an order allowing compensation for extraordinary services rendered in the sale of the Cincinnati Enquirer, a newspaper formerly part of the trust estate, for $7,600,000, in cash, without a broker's commission. The trustee has suggested $150,-000 as a reasonable sum for its services, and $100,000 for services of its counsel. The guardian ad litem for the minor beneficiaries has requested allowance of $15,000 for services rendered since June 19, 1951. Notice has been given to all parties in interest. No objections have been filed to the allowances suggested, although as to the allowance for trustee's counsel, some beneficiaries have stated they neither approve nor disapprove, but leave the matter to the sound discretion of the Court.

The record before the Court indicates that the trustee received $310,858.76, comprising 3 per cent of the gross income in the form of interest and dividends, 3 per cent of the net earnings of the Enquirer, and 4 or 5 per cent upon a very small amount of rents from real estate, the com-

429

missions being based on income, from September 9, 1940 to July 31, 1952. Since the establishment of the trust, the trustee has never received any compensation or commission based upon or paid out of principal, although the trustee participated in the sale of The Washington Post newspaper for $825,000, real estate referred to as "most of Square 219" for $2,000,000, and of the property known as "Friendship" for $1,000,000. The trust will not terminate until twenty years after the death of the testator's grandson, John R. McLean, II, who is now 36 years of age.

In the District of Columbia, where there is no statute regulating the compensation of trustees, the matter of allowance is within the sound discretion of the Court. Magruder v. Drury, 1911, 37 App.D.C. 519, reversed on other grounds, 235 U.S. 106, 35 S.Ct. 77, 59 L.Ed. 151. A trustee is entitled to a fair compensation for his services, usually gauged by a certain percentage on the amount of the estate. Barney v. Saunders, 1854, 16 How. 535, 14 L.Ed. 1047. Among the circumstances to be considered in determining the amount of compensation are: the amount and character of the trust property; the extent of the risk and responsibility of the trustee, the character of the services rendered, the degree of difficulty and the skill and success in administering the trust; the statutory rates of compensation for executors and administrators; the time consumed; the custom in the community as to allowances; any estimate which the trustee has given of the value of his services; and payments made by the beneficiary to be applied toward his compensation. Restatement of Trusts, § 242, comment (b); 4 Bogert on Trusts and Trustees, § 976.

It is settled that upon a clear showing that justice to the trustee demands it, a commission may be paid to the trustee on the principal, as well as on the income, of an estate. Caldwell v. Hopkins, 1920, 49 App.D.C. 332, 265 F. 972. Extra compensation to a trustee for unusual services has been allowed by this Court in Olds and American Security and Trust Company v. University of North Carolina, Civil Action No. 12,591 (unreported); National City Bank of Cleveland v. Parmelee, Equity No. 56,470 (unreported); and Fulton Trust Company of New York v. Langroise, Equity No. 65,312 (unreported). Although allowances of extra compensation are discouraged and should never be given for the performance of the ordinary duties of a trustee, 4 Bogert on Trusts and Trustees, § 976, the better reasoned cases hold that a trustee who renders professional or other services not usually rendered by trustees in the administration of a trust, may be awarded extra compensation representing the fair value of such services. Restatement of Trusts, § 242, comment (d); 2 Scott on Trusts, § 242.2; Holmes, J., in Turnbull v. Pomeroy, 1885, 140 Mass. 117, 3 N.E. 15.

The trustee has moved for the allowance at this time although the trust is not about to terminate. In Caldwell v. Hopkins, supra, the Court of Appeals of the District of Columbia, while apparently approving the general rule that an allowance shall not be made out of the corpus of an estate until the trust has terminated and the corpus is about to be distributed, held that such allowance might be made before termination of the trust where the trustee has died, citing Pennsylvania cases. It has recently been held to be the established rule in Pennsylvania that a trustee may not receive compensation against the corpus until termination of the trust or the trustee's connection therewith, unless extraordinary services or unusual labor is entailed, in which case an immediate allowance is permissible. In re Williamson's Estate, 1951, 368 Pa. 343, 82 A.2d 49. Caldwell v. Hopkins, supra, would thus seem to fall within the general rule rather than the exception, as does this case. By way of analogy, it is noted the United States Court of Appeals for the District of Columbia has held, in the case of executors and administrators, that the Court may allow advance payment of commissions if it finds that otherwise unreasonable delay in final settlement will cause undue hardship and there is no reasonable probability that the remaining amount will be insufficient to satisfy claims

of a possible successor. Maloney v. Foundry Methodist Episcopal Church, 1943, 78 U.S.App.D.C. 263, 139 F.2d 388.

Here the trustees were able to effect the sale of the Cincinnati Enquirer on terms highly advantageous to the trust, without the payment of broker's fees, after arduous, prolonged and intensive negotiations with prospective purchasers. The record shows extraordinary services were rendered beyond the ordinary duty of a trustee in the management and sale of a highly valuable property. These services demanded unusual skill and responsibility. The duties were not created by the trustee but were thrust upon it by the terms of the trust. The trust, which was assumed in 1916, may continue for another fifty years or more, and the corpus distributed when the transaction has long since been forgotten and the participants long since departed. Part of the corpus, in the amount of $600,000, has already been distributed, and another $100,-000 will be distributed in several months under terms of the trust. Examination of the detailed statement submitted by the trustees, of the opinions of two independent trust officers with many years' experience in trust administration and one law firm with broad experience in the appraisal, management and sale of various newspapers, and of the awards that have been allowed other fiduciaries in the District of Columbia, leads the Court to the conclusion that the $150,000 suggested, representing less than 2 per cent of the $7,600,000 in cash for which the Enquirer was sold, is a just, fair and reasonable compensation under all the circumstances for the trustee's services.

With regard to the proposed allowance of $100,000, of which $30,000 has been paid on account, for counsel of the trustee for services rendered in connection with the sale of the Enquirer, two distinguished members of the bar of this Court have recommended the amount claimed. An Ohio law firm with long experience in representing newspapers has recommended $150,000.

 The trustees can properly incur expenses in employing attorneys or agents so far as such employment is reasonably necessary or appropriate in the administration of the trust. Restatement of Trusts, § 188, comment (c). Where litigation or negotiations are conducted with a view to enriching the corpus of the estate, an allowance of attorney's fees is payable out of the corpus of the estate. Commercial Trust Co. of New Jersey v. Mason, 1936, 119 N.J.Eq. 376, 182 A. 875, affirming Commercial Trust Co. of New Jersey v. Spiegelberg, 1934, 117 N.J.Eq. 171, 175 A. 164. Among the elements which may be considered in determining the reasonable value of an attorney's fees are (1) the character and extent of the services and the nature of the transaction; (2) the amount of time necessarily devoted to the matter; (3) the experience, skill, learning and standing of the attorney; (4) the amount involved, the importance and magnitude of the cause and the responsibility assumed; (5) the results and benefits obtained; (6) the amounts usually charged or awarded for similar services in the locality. Note, 143 A.L.R. 672.

 The nature and magnitude of the transaction here required the services of counsel with ability, skill, judgment and experience in varied fields of law. The services were rendered with ability and success. The Court is of opinion that the amount requested represents fair and reasonable compensation for the services rendered.

 The guardian ad litem has suggested an allowance of $15,000 for more than 320 hours consumed in the negotiations for sale of the newspaper. The guardian has previously received $2,500 for services from October 9, 1942 to April, 1943, and $7,500 for services from July 1, 1943 to June 19, 1951. The guardian has been alert to his responsibilities and has at all times rendered effective service. In large measure he was a moving spirit in undertaking and consummating the sale of the Cincinnati Enquirer. The Court is of opinion that $15,000 represents a just and reasonable compensation for his services.

 The trustee has requested that compensation for its extraordinary services be paid in five equal annual installments, the first payment to be made in 1953. It is

the rule that compensation to trustees will be awarded in such manner as is most beneficial to the estate, without regard to such financial benefits as may accrue to the trustees by the method of payment. The Court has been advised that the trustee would have preferred either a lump-sum payment or payments over a shorter period, but that the five-year period was agreed upon by the parties at the instance of the life beneficiaries because the unpaid balances would continue to produce income for the trust until the respective payments were made, to compensate the life beneficiaries in part for their loss of income resulting from sale of the Enquirer. The agreement also avoided a contested hearing on the motion for allowance, which would have been extensive and costly. The Court therefore is of opinion that payments to the trustee may be made in equal sums over a five-year period.

The Court accordingly will enter an order directing that $150,000 be allowed the trustee as compensation for extraordinary services rendered in sale of the Cincinnati Enquirer, payment to be made in five equal annual installments; $100,000 to be allowed counsel for the trustee; and $15,000 to be allowed the guardian ad litem.