**Diana K. POWELL, Appellant**

v.

**Anne T. OGDEN and Lester H. Sellers,
Ancillary Executors of the Estate of
Lucy Powell, Deceased, Appellees.**

**No. 15391.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 19, 1960.

Decided April 21, 1960.

Miss Diana K. Powell, appellant pro
se.

Mr. Benjamin W. Dulany, Washington, D. C., for appellees.

Before PRETTYMAN, Chief Judge, and
WASHINGTON and BURGER, Circuit Judges.

PRETTYMAN, Chief Judge.

Appellees were named executors under an instrument alleged to be the last
will and testament of Lucy Powell, deceased. That will was admitted to probate at the decedent's domicile in New
Jersey, and appellees were appointed
executors. These domiciliary executors
obtained ancillary letters of administration in the District of Columbia in order to collect and gather decedent's assets located here. In due course appellees, after appropriate notice to appellant,
filed their first and final account. Appellant, a residuary beneficiary under the
will, and niece of the decedent,[1] thereupon filed a "motion to except claim for
fees and commission, to substitute next

---

1. Appellant claims to be decedent's only niece of the whole blood and "nearest next-of-kin".

of kin for administration, and to enjoin present ancillary executors from removing assets of estate from the jurisdiction pending determination of issues at domicile". That motion was denied, and thereafter the account was approved by the District Court sitting in Probate.

A commission to the ancillary executors of approximately 2.5 per cent of the amount of the ancillary estate and attorneys' fees in approximately the same amount were allowed. The question before us on this appeal is the correctness of these allowances.

■ Appellant's primary contention is that the District Court could not allow such fees and commission to the ancillary executors until the validity of the will was finally determined by the domiciliary court. However there is nothing in the record before us to indicate that a caveat is pending or immediately contemplated at the domicile. The record merely indicates that attempts at amicable settlement bore no fruit. Upon the record before us we cannot hold that the District Court abused its discretion in allowing the fees and commission. That court acted within the limits of the statute.[2]

■ This court, in Brosnan v. Fox,[3] held that an executor is not entitled to any commission until the administration is closed and a final settlement approved. This rule was adopted to make certain that the statutory maximum commission of 10 per cent of the inventory would not be exceeded. The *Brosnan* rule, when applied to an ancillary administration, contemplates award of commissions upon the approval of the final account, which closes the ancillary administration. Thus it was proper for the District Court to act when it did. While it is true that the 10 per cent limitation in our statute cannot apply outside this

jurisdiction, and thus cannot place a limit on commissions to be allowed to the domiciliary executors, we would assume that the domiciliary court, in fixing those commissions, will take into account the payments made to those same persons in their capacity as ancillary executors.

Affirmed.

2. D.C.Code, § 20–605 (Supp. VII, 1959): "On the other side shall be stated the disbursements by him made, namely: * * * Fourth. His commissions, which shall be at the discretion of the court, not under one per centum nor exceeding ten per centum on the amount of the inventory or inventories, excluding what is lost or perished. Fifth. His allowance for costs, attorneys' fees, and extraordinary expenses which the court may think proper to allow."

3. 52 App.D.C. 143, 284 F. 923 (1922).