Charles Patton **HENRY**, Appellant,

v.

Joseph A. **GRIMES**, Jr., Appellee.

No. 17907.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 20, 1964.

Decided April 9, 1964.

---

Mr. James E. Hogan, Washington, D. C., with whom Messrs. Arthur J. Hilland and Ferdinand J. Mack, Washington, D. C., were on the brief, for appellant.

Mr. Joseph A. Grimes, Jr., appellee, pro se.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WILBUR K. MILLER, Circuit Judge.

BAZELON, Chief Judge.

Charles Henry was removed as the executor of the estate of Nancy Williams Brown, by order of the District Court,[1] for failure "properly to account for the assets of the estate of this decedent." The removal rested primarily on the court's finding that Henry on his own initiative paid himself $2,325 from the assets of the estate,[2] partly on account for his commission as executor and partly as fees for his services as attorney-in-fact for Mrs. Brown before her death.

Since an executor's commission is not fixed by the probate court until final settlement of his accounts, he may not ordinarily collect any fees on account before his services terminate. Brosnan v. Fox, 52 App.D.C. 143, 284 F. 923 (1922). Cf. Powell v. Ogden, 108 U.S.App.D.C. 6, 278 F.2d 451 (1960); Doherty v. Stoner, 83 U.S.App.D.C. 365, 169 F.2d 965 (1948). Nor may he disburse payment to himself for his own claims against the decedent before those claims are presented to the probate court, see D.C.Code, § 18–512, where they will "be critically examined * * * and will not be allowed unless the court is satisfied that they are just." Perkins v. Berger, 79 U.S.App.D.C. 286, 287, 145 F.2d 856, 857 (1944).

However, in this jurisdiction, "unless power to remove an executor for a particular cause can be found in the statute, or by necessary inference therefrom, it does not exist," Hawley v. Hawley, 72 App.D.C. 357, 358, 114 F.2d 505, 506 (1940), because "the executor does not derive his authority from the court, but from the will of the deceased * * *." Guthrie v. Welch, 24 App.D.C. 562, 567 (1905). The D.C.Code does not allow removal as a general discretionary sanction.[3] Four Code sections deal with specific circumstances under which immediate removal is warranted. A co-executor may be removed whenever his actions threaten harm to his fellow executors. § 20–107. Henry was not a co-executor. Executors who do not file full performance bonds may also be removed for cause at any time. § 20–302. No evidence indicates that Henry filed less than a full bond. Any executor may be removed if he fails to account within the time allowed. § 20–603. Henry filed late but the court excused his lateness and did not remove him on this ground.[4]

1. Sitting as the probate court. D.C.CODE, § 11–501.
   Appellee was appointed administrator de bonis non, cum testamento annexo, after appellant was removed.

2. The gross estate did not exceed $10,000.

3. Compare 15 Virgin Islands Code § 240 (b), construed in In re Vose's Estate, 276 F.2d 424 (3d Cir. 1960).

4. District Court Rule 46(b) ("Failure to File Inventories or Account; Removal of Fiduciary"), which appellee asserts as an alternative justification for appellant's removal, merely applies D.C.CODE, § 20–603, which allows discretionary removal of an executor who fails to submit his account within the time set by law or by rule "or within such further time as the probate court shall allow." The appellant filed within the "further time"

The only other immediate removal section is the one which appellee claims covers this case:

"No executor or administrator shall sell any property of his decedent without an order of the probate court authorizing such sale; and any such sale made without a previous order authorizing it shall be void and pass no title to the purchaser. If any executor or administrator shall sell, pledge, or dispose of any property without such previous order, his letters may be revoked * * *." [§ 18–602]

We think this provision applies only to the unauthorized disposal of salable property and thus not to Henry's improper payment of claims. Compare Burke v. Canfield, 74 App.D.C. 6, 121 F.2d 877 (1941).

■ ■ In all other situations the probate court's only direct sanction[5] is to order the executor to correct or protect against his impropriety. The court may order the executor to bring the estate's funds into court or to invest in approved securities, § 11–513; to post an additional bond, § 20–108; to inventory concealed assets, § 20–504; or, if he "appears to be in default in respect to * * * the fulfillment of any duty * * * to appear therein and fulfill his duty in the premises * * *," § 11–514. If the executor fails to comply with the order, the court may then remove him.[6] In this case, the probate court issued no such order. Thus on the present record there was no statutory authority for the appellant's removal. We reverse without prejudice to further proceedings in which it may be demonstrated that removal was warranted under some section other than § 18–602, and, of course, without prejudice to the issuance of any of the remedial orders available to the District Court sitting in probate.

So ordered.

WILBUR K. MILLER, Circuit Judge, dissents.

---

fixed by the Register of Wills. In any event, the order removing Henry stated that "sufficient showing has been made to warrant, if not to require in the preservation of this estate, the * * * removal of the executor," which indicates that the court was relying on grounds other than the late filing.

5. In extreme cases, criminal sanctions may be available. See § 22–1210.
    Section 20–118, relating to non-residents, is not relevant here.

6. See generally 1 Mersch, PROBATE COURT PRACTICE IN THE DISTRICT OF COLUMBIA §§ 1093–94 (2d ed. 1962).