## CROPPER v. McLANE.

ORPHANS' COURT, JURISDICTION OF ; PARTIAL DISTRIBUTION ; ADDITIONAL BONDS.

1. The Supreme Court of this District holding a special term for Orphans' Court business has the power under sec. 19 of the act of Maryland of 1798, ch. 101, sub-ch. 15, to order a partial distribution of an estate by the executors during the pendency of an appeal without supersedeas bond, from an order of the same court, admitting the will to probate ; *following* McLane *v.* Cropper, 5 App., D. C. 276.
2. It is discretionary with that court whether or not to require an additional bond of executors, and no appeal lies from an order denying a petition to require such bond.

No. 433. Submitted April 4, 1895. Decided April 16, 1895.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia, holding a special term for Orphans' Court business, denying a petition for a partial distribution of an estate, and to require the executors to give an additional bond. *Order reversed in part and appeal dismissed in part.*

The facts are sufficiently stated in the opinion.

*Mr. J. M. Wilson* and *Mr. Blair Lee* for the appellants:

The court erred in overruling the prayer for additional bond from the executor and executrix. The will directs that the executor and executrix be not required to give bond, but such a direction is binding and valid only for the lawful period, thirteen months, within which executors should act, as it must be admitted that the testator had in mind the period prescribed by law, and would have anticipated the performance of duty by the executors within that time. Under this view of section 6, or if section 1 is applicable, the bond should have been required by the court.

The principal statutes giving power to the court to require bond are as follows: Md. Act 1798, ch. 101, sub-ch. 3, sec. 1; secs. 974, 975, 978, R. S. D. C.

A further ground for requiring additional bond is that the bond given for $3,500 was forfeited at the expiration of the thirteen months. *Coward* v. *Worrall,* 7 G. & J. 455; *Mann* v. *State,* 3 H. & J. 237.

The bond is obviously insufficient in amount. After forfeiture of such bond as was given (under Section 6) and failure to pay the share of accruing income due Mrs. Cropper within thirteen months, it follows as a presumption of law that the assets "are in danger of being lost, wasted or misappropriated." The executors in their answer state their intention of retaining possession of the income due Mrs. Cropper until the termination of pending litigation, notwithstanding that such litigation, as ruled by Mr. Justice Cox and sustained by this court, has no bearing on the amounts demanded by her. This is, therefore, a declared purpose to retain unlawful possession of funds. It is clearly a *misappropriation,* even though there be no presumption of loss or waste from the expiration of the period of administration and forfeiture of bond.

The right of Mrs. Cropper to intervene in the administration for the preservation of the fund as well as for securing the part of income, hers in any event, must be conceded

as among those "proceedings therein which may with propriety be carried on before" her "appeal is decided." (Section 19, sub-ch. 15, act 1798).

Aside from the amount which they declare their purpose to misappropriate as above, the executors should have shown that the remainder of the assets of the estate were safely placed or invested. Their failure to do so confirms the presumption of loss or waste and the appropriateness of additional bond being demanded.

It is not conceded that the requirement of bond from executors is purely within the discretion of the court; but if it was, the court was bound to exercise a sound and lawful discretion for the preservation of the estate and the security of Mrs. Cropper. *Rex* v. *Wilkes*, 4 Burr. 2539; *Abbott* v. *L'Hommedieu*, 10 W. Va. 700; *Rose* v. *Brown*, 11 W. Va. 142; *Cavil* v. *Burnsford*, 1 Burr. 570; 5 Wend. 125.

*Messrs. Gordon & Gordon, Mr. Enoch Totten* and *Mr. Bernard Carter* for the appellees.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This case has been but recently in this court on a former appeal, taken from an antecedent order of the 23d of October, 1894, to that from which the present appeal is taken, of the 6th of December, 1894. On the former appeal it was decided, by an opinion and decree of this court of the 4th of February, 1895, that the Supreme Court of the District of Columbia, sitting as an Orphans' Court, had jurisdiction to order an account to be stated and a partial distribution to be made by the executors of the testator's will, notwithstanding the pendency of an appeal to the Supreme Court of the United States from the order of the court admitting the will to probate, there being no *supersedeas* bond given to stay proceedings in the court below. It was on that appeal held, that under the circumstances disclosed, the ac-

count stated and filed by the executors showing all the debts of the estate to have been paid, it was within the power and jurisdiction of the court, under the provision of the statute, sub-ch. 15, sec. 19, of the Maryland Testamentary Act of 1798, ch. 101, in force in this District, to order a partial distribution of the income from the bonds, stocks, etc., of which the estate largely consisted, received by them since the death of the testator, to the persons entitled to receive such distribution under the will, and who would be entitled to receive such amount in case of intestacy. The will having been admitted to probate, of course, forms the guide for such distribution, and all distributions made, whether partial or otherwise, must be made with reference to the provisions of the will. Hence the distribution to the appellant must be to her trustee, as provided by the will.

We shall not re-state the grounds of our former decision, but the principles of that decision must apply to and govern the decision of the present appeal. The opinion on that appeal is reported in 5 App. D. C. 276.

Pending the former appeal, the present appellant filed in the court below the petition upon which the order was passed giving rise to the present appeal. In that petition reference is made to the former proceeding, and to the order of distribution made on the 23d of October, 1894, and the appeal then pending therefrom ; and relief is prayed in respect to two subjects-matter :

1. " That an order be passed directing the executor and executrix to forthwith proceed to make a partial distribution to such persons as may be entitled, of the accumulated and accumulating income that will necessarily be received by such persons, whether such will be ultimately set aside or not, in excess of the amount of the obligations of the estate as set forth and claimed by said executor and executrix in their said first account, and to reserve for the time being such portion of said income as they therein and by the statements of their counsel, &c., claim to be applicable to said obligations."

2. " That an order be passed directing the said executor and executrix to forthwith give such additional bond as may appear to the court to be right and proper under the circumstances set forth, and covering the whole assets in their hands at and since the expiration of thirteen months from the date of their letters herein, Feb. 23, 1893, and as admitted by their first account stated."

This petition was answered by the executors, and they denied the jurisdiction of the court to proceed to make distribution of the income of the estate, as prayed in the petition ; and they denied the right of the petitioner, either as devisee or legatee under the will, or as heir or distributee in the event of the will being ultimately decided to be invalid, to ask for and receive distribution of such income of the estate, under the special facts of the case.

The court below, upon consideration of the petition and the answer thereto, by its order of the 6th of December, 1894, denied both prayers contained in the petition, though it did not dismiss the petition from the control of the court. This order, as it will be observed, was passed during the pendency of the former appeal, and before the decision thereon by the court.

1. This court are of opinion, in accordance with its former decision, that there was error in denying the first of the prayers contained in the petition of the appellant in this case. We perceive no sufficient reason for withholding distribution of the income of the estate, but reason and justice would seem to require it to be made to the extent prayed for—the distribution to be made to the trustee of the appellant as directed by the will, and in accordance with the principle of distribution determined by the previous order of the 23d of October, 1894, as slightly modified and substantially affirmed by this court. The distribution to be made under the prayer of the petition in this case can only apply to such income as has been or may be received by the executors since the stating of the account upon which the order of the 23d of October, 1894, was passed, and

which was not embraced in that order. The order to be passed on the present petition will be in its nature and effect simply supplemental to the former order. There should be no conflict or inconsistency between the two orders for distribution.

2. And with respect to the second prayer of the petition, that is addressed to the sound discretion of the court below. Bond has been taken of the executors with a view to the security of the creditors of the estate, as authorized by the act of Congress of January 17, 1887, 24 Stat. 361. To require further or additional bond under that statute, it must be made to appear to the court, by some creditor, or by some legatee or distributee entitled to take under the will, "that the executor who has given such bond only as is herein provided for, is wasting the assets of the estate, or that the assets in the hands of such executor are in danger of being lost, wasted, or misappropriated, then, and in such case, the court shall have power to remove said executor or require him to give additional bond, with security, in penalty sufficient to secure the interests of all the creditors, and distributees or legatees entitled to take as aforesaid, and conditioned accordingly; and on his failure to give bond or bonds as aforesaid, as required by the court, within a time named by such court, his letters testamentary shall be revoked forthwith."

This is a provision directory to the court exercising original probate jurisdiction, and the power thus conferred, of requiring additional bond or removing the executor, must, in the nature of things, rest largely in the sound discretion of that court, upon disclosures made to it of such condition of affairs as will justify the exercise of the power. This court, in the exercise of appellate power, could not, under the statute, prescribe the time for giving the bond, the penalty thereof, or remove the executor in default of giving the bond required of him. That power must be exercised by the court below and no appeal will lie to this court from the action of the court below in such matter.

The petition of the appellant, in respect to the matter of requiring an additional bond, still remaining in court without order dismissing the same, it will be competent to the appellant to renew her application for the giving of an additional bond, if it be deemed necessary.

The order appealed from, of the 6th of December, 1894, in so far as it denied the prayer for partial distribution of the estate, must be reversed, and the cause be remanded that an order may be passed directing distribution in accordance with this opinion ; but as to the second prayer of the petition, that in regard to additional bond, the appeal will be dismissed. The costs of the appeal to be paid out of the estate.

*Order reversed in part and appeal dismissed as to part.*