# RICHARDSON *v.* DAGGETT.

---

PROBATE COURT, JURISDICTION OF; CONCEALMENT OF ASSETS; CONSTITUTIONAL LAW; TRIAL BY JURY.

1. The jurisdiction and powers of the probate court of this District since the passage of D. C. Code, secs. 117–119, are substantially the same as those of its predecessor, the orphans' court, which was a court of special jurisdiction with the right to exercise no powers other than those expressly granted, or which could be reasonably and necessarily implied from some express statutory provision. (*Cook* v. *Speare*, 13 App. D. C. 446.)

2. The object of sec. 122, D. C. Code, is to furnish a prompt remedy in the probate court for the discovery of concealed assets of decedents' estates and their reduction to possession when so discovered; but where, on the petition of the representative of such an estate alleging that assets of the estate are in the hands of third persons, who are concealing them, such third persons make full disclosure of all assets in their possession, and claim them as their own adversely to the estate, the probate court has no power to determine the question of

D. C.]                          Statement of the Case.

    actual ownership of such property, but must terminate the proceeding and leave the parties to their remedies in the courts of general jurisdiction, either at law or in equity, as the conditions may determine.

3. *Quære*,—Whether Congress would have the power to confer jurisdiction upon the probate court, sitting as a court of equity, to determine the title and right to the possession of personal property in all cases where concealment of assets of a decedent's estate is charged, and thereby deprive claimants of the right of trial by jury.

No. 1471. Submitted October 14, 1904. Decided December 14, 1904.

HEARING on an appeal by the petitioners, collectors of the estate of a decedent, from an order of the Supreme Court of the District of Columbia, sitting as a court of probate, dismissing, for want of jurisdiction, a petition for the discovery of alleged concealed assets of such estate. *Affirmed.*

The COURT in the opinion stated the case as follows:

On March 25, 1904, two creditors of Albert Daggett, deceased, filed separate petitions in the probate court, alleging his death intestate on December 19, 1903, in the State of Maine, and that he was a resident of the District of Columbia and left personal property therein. They set out their indebtedness, and alleged that the next of kin of intestate had taken possession of a large part of said property and were disposing of it for their own use. They prayed for the grant of letters of administration, and, pending the same, for the appointment of collectors. Rule to show cause was served on Alexander S. Daggett, son of intestate. The widow, Julia E. Daggett, was not to be found.

On March 31, 1904, an order was entered appointing Mason N. Richardson and William M. Offley collectors. Said collectors then filed their petition in said court, alleging the death of said intestate and their appointment as aforesaid. They further alleged that they believed that intestate, at the time of his death, owned a large amount of personal property, then in the District of Columbia, consisting of pictures, vases, art curios, ceramics, and furniture. That the said widow and next of kin, or persons

acting for them, took possession of all of said property "in an effort and for the purpose of concealing the same, and preventing the same from being administered as assets of the estate of said decedent, and for the purpose of defrauding creditors."

That they had offered a large part of said property for sale at the auction rooms of C. G. Sloan, in the city of Washington, and that part had been sold and the proceeds paid over to them. That said C. G. Sloan has some of it in his possession, and is about to offer the same for sale under the instructions of the said next of kin. That they are advised and so believing aver that the said widow and son, Alexander S. Daggett, have consigned other of said property to said Sloan for sale as aforesaid in the name of Julia Tremere, the mother of the said widow. That said Alexander S. Daggett is also offering for sale at a certain store in said city a large amount of said property, alleging the same to be the property of said Julia Tremere, also for the purpose of concealing the fact that it constitutes assets of said estate. That, if said property is permitted to remain in the possession of said parties, great loss will result to the creditors of said estate, because said parties intend to use the proceeds for their personal benefit. They prayed that the parties be required to answer the several allegations of the petition under oath, and to disclose the articles of property by them taken possession of, etc.; and that an order be passed referring the same to the auditor of the court for the purpose of taking testimony, and reporting his findings as to the actual ownership of said property. An order was entered upon this petition requiring the parties to make disclosure as prayed.

Albert S. Daggett answered the petition under oath, denying that the intestate had any personal property in the District of Columbia at the time of his death. He alleged, also, that all of the personal estate owned by intestate was situated in the State of Maine, where he lived at the time of his death, and had there been duly administered upon. That no property belonging to intestate had been taken possession of by himself or Julia E. Daggett, as alleged. That no one of them had sold, or offered for sale, any property of the intestate. That all of the property

sold, or offered for sale, belonged to Julia E. Daggett, H. Bruce Wood, or Julia Tremere. A list is then given of the articles consigned for sale to said Sloan, and of each article held by respondent for sale in the store aforesaid. It is finally alleged that each and every article described is the property of the persons aforesaid, and held by and for them as such. The answer of Sloan disclosed the articles that had been sent to him for sale and stated the disposition of the proceeds of such as had been sold by him. His list corresponded with that of Albert S. Daggett's answer aforesaid.

The court thereupon refused to refer the petition and answers to the auditor, but dismissed it for want of jurisdiction. From this order the collectors have appealed.

The respondents' answer made a full disclosure of the matters inquired of in the petition, denied the ownership by the intestate of the property described, and set up an adverse claim thereto on behalf of certain other persons for whom he held the possession.

*Mr. Charles H. Merillat,* for the appellants:

1. Full enforcement of the statute (Sec. 122, D. C. Code) would not be unconstitutional, as depriving persons of due process of law and trial by jury, and would not result in imprisonment for debt as trial by jury in the probate court is provided for by the Code, and the imprisonment possible would be, not for debt, but for misappropriation of others effects and refusal to surrender the same. The jury provided would be a constitutional jury,—that is, a jury of twelve men presided over by a judge of a competent court of record with all necessary powers as to bills of exception and appeals. *Capital Trac. R. Co.* v. *Hof,* 174 U. S. 1.

2. The probate court may assume jurisdiction where the allegation (denied by the answer) is concealment of assets by means of a colorable assertion of title, and where on the face of the record it is apparent that the title claimed to part of the effects is void for want of right in an insolvent to make gifts to his wife before paying his debts. The mere assertion of a claim of

title to property does not oust the probate court of jurisdiction to try an allegation specifically made of concealment of assets. *Wade* v. *Pritchard,* 69 Ill. 269.   See also *Martin* v. *Martin,* 170 Ill. 18; *Re Slingerland,* 36 Hun, 575; *Re Currie,* 25 Hun, 321; *Martin* v. *Clapp,* 99 Mass. 470; *Bright* v. *Ecker,* 68 N. W. 326; *Levy* v. *Sup. Court,* 105 Cal. 600; *Gordon* v. *Eans,* 97 Mo. 587; *Hoehn* v. *Struttman,* 71 Mo. App. 399; *Cain* v. *Warford,* 3 Md. 454; *Waring* v. *Edmonds,* 11 Md. 425; *Taylor* v. *Brusup,* 27 Md. 219; *Cannon* v. *Cook,* 32 Md. 482; *Abbott* v. *Golibart,* 39 Md. 55; *Hignutt* v. *Cranor,* 62 Md. 217; *Gibson* v. *Cook,* 256–259; *Daugherty* v. *Daugherty,* 82 Md. 231.

*Mr. A. A. Hoehling, Jr.,* and *Mr. C. T. Clark* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

The single question raised by the dismissal of the petition is, whether the probate court had jurisdiction to determine the question of title and control the possession of the property.   The orphans' court of the District of Columbia was, from the beginning, a court of special jurisdiction, conferred by the statutes of Maryland that were in force at the time of the cession, and could exercise no powers other than those expressly granted, or which could be reasonably and necessarily implied from some express provision.   *Cook* v. *Speare,* 13 App. D. C. 446, 451, 452.   In that case it was substantially held that it had no jurisdiction to determine a question of title between the estate and persons in possession of personal property claiming ownership thereof.

By sec. 116 of the recent Code the name of the court was changed to that of probate court, but the jurisdiction and powers conferred upon the new court are substantially the same as those of its predecessor under the former laws.   The provisions of the older laws relating thereto were largely re-enacted.   Secs. 117 and 119.

Without denying this, the appellants contend that special

jurisdiction to determine the question of title in cases where there has been concealment, has been conferred by sec. 122, which reads as follows:

"*Concealment of Assets by Strangers.*—If an executor, administrator, or collector shall believe that any person conceals any part of his decedent's estate, he may file a petition in said court alleging such concealment, and the court may compel an answer thereto on oath; and if satisfied, upon an examination of the whole case, that the party charged has concealed any part of the estate of the deceased, the court may order the delivery thereof to the executor, administrator, or collector, and may enforce obedience to such order in the same manner in which orders of said court may be enforced, as hereinafter provided."

It is thereafter provided that the court shall have power to enforce all of its judgments, orders, and decrees in like manner as the same may be enforced in the equity court. Sec. 129.

The general purpose of sec. 122 was to furnish a prompt remedy in the probate court for the discovery of the assets of estates in administration therein that may have been concealed, and their reduction to possession when so discovered. But we are unable to find a further intention to confer upon the probate court the jurisdiction to determine the question of the actual ownership of such property when the title thereto is claimed by the representatives of the estate on one hand and the party in actual possession on the other. The practical effect of a contrary construction would be to remit to the probate court, sitting as a court of equity, the final determination of the title to all personal property claimed by the representatives of the estate as against adverse holders thereof; for the extension of the jurisdiction would be accomplished by the allegation that they had been concealed. There would seem to be no doubt that the allegation in this case was made in good faith, and had foundation in the surrounding circumstances set forth; but its legitimate object was attained by the discovery sought and elicited. Had there been no adverse title claimed by the respondent an order of delivery would have followed as a matter of course. But, when the respondent gave a description of the articles in

controversy, and at the same time claimed the title adversely, the provisions of sec. 122 were fully satisfied. All that remained for the probate court to do was to terminate the proceeding and leave the parties to their remedies in the courts of general jurisdiction, either at law or in equity as the conditions might determine.

As we have found that no such intention was manifested, it is obviously unnecessary to consider whether Congress would have the power to confer jurisdiction upon the probate court, sitting as a court of equity, to determine the title and right to possession of personal property, in all cases where concealment of assets may be charged, and thereby deprive claimants of the right of trial by jury in those cases where none of the requisite conditions exist to bring them within the ordinary jurisdiction of equity.

We shall not consume time with a review of the decisions of the State courts giving interpretation to statutes relating to the recovery of concealed assets. To do so satisfactorily would require a statement of the several statutes, some of which resemble our own, while others differ from it widely. These decisions have been collated and analyzed by Woerner in his excellent treatise on the American Law of Administration, vol. 2, sec. 325, who states his conclusion therefrom as follows: "Hence, it is not the proper remedy to enforce the payment of a debt, or liability for the conversion of property of the estate, or to try contested rights and title to property between the executor and others."

In the State from whence our probate system was derived, it has been held that this jurisdiction was not conferred by a similar provision of the general probate law. *Daugherty* v. *Daugherty,* 82 Md. 229, 231, 33 Atl. 541. See also *Waring* v. *Edmonds,* 11 Md. 424, 433.

It follows that there was no error in the action of the court, and the judgment must be affirmed with costs. It is so ordered.

*Affirmed.*