In the Matter of the Application for the Revocation of Letters
  Testamentary Issued to JACOB JUNG, as Executor, etc., of
  JACOB JUNG, Deceased, Appellant.

KATHARINA JUNG, Respondent.

First Department, April 6, 1923.

**Executors and administrators — application to remove executor on ground
of unfitness — mental or physical disability or dishonesty not shown —
removal was improper.**

An executor appointed by a testator should not be removed from office unless it
  is shown that he is incapable of understanding or performing the duties of his
  trust through mental or physical disability, or that he has been dishonest in
  money matters, and where it appears that said executor and his children hold
  the entire interest in the estate, with the exception of an annuity payable to the
  widow of the testator so long as she remains unmarried, and that the executor
  has managed the estate with care and the only evidence to sustain the charge of
  unfitness is that he has a bad temper, his removal by the surrogate is improper.

APPEAL by Jacob Jung, as executor, etc., from a decree of the
Surrogate's Court of the county of New York, entered in the office
of said Surrogate's Court on the 3d day of July, 1919, revoking the
letters testamentary issued to him and removing him as executor.

*Laughlin, Gerard, Bowers & Halpin* [*Frank C. Laughlin* of counsel],
for the appellant.

*Marcus Mandelbaum* [*Jacob Rieger* of counsel], for the respondent.

FINCH, J.:

The testator by his last will and testament appointed the appel-
lant, his son, and the respondent, the appellant's stepmother,
executor and executrix and trustees thereunder. Letters testa-
mentary were issued to them on February 13, 1914, and they entered
upon the discharge of their duties. On the 28th day of April,
1915, the executrix petitioned the Surrogate's Court for the issuance
of a citation for the removal of the appellant, which was issued.

The testator left an estate of the value of about $300,000,
consisting principally of apartment houses and stores. He left
three children, the appellant, a daughter, Eva Kennellie, and
a daughter, Katharina C. Jung. By his will he gave $10,000 to
his daughter Eva Kennellie, and $1,250 to each of her four children
in trust, to be paid to them or the survivors of them, respectively,
on attaining their majority. The remainder of his estate he gave
in trust to his executor and executrix, as trustees, to collect the
rents and pay the taxes and other charges and to make necessary
and proper repairs to the buildings; and from the surplus to pay
$1,500 per annum to the widow, the respondent, for life or while

First Department, April, 1923.          [Vol. 205

she remained unmarried; and to give one-third of the remaining surplus each to the widow, the appellant, and to his daughter Katharina, with remainder to the children of the appellant and of Katharina. Katharina C. Jung died without issue prior to the application for the removal of the appellant. At the time of such petition the legacies had been paid so far as due, with the exception of one of $2,500, and the only persons interested in the income were the appellant and the respondent, equally, as life beneficiaries, after the payment of $1,500 per annum to the respondent so long as she remained unmarried. Since Katharina had died without issue, the only persons interested in the remainder were the four children of the appellant. The respondent, therefore, had only a life interest, as against the entire remaining interest in the estate, which was in the appellant and his children.

The grounds upon which the petitioner asked that the appellant be removed were that he had wasted and improperly applied income, and had improvidently managed the property, had been guilty of misappropriations, was lacking in understanding of his duties, and generally unfit for the office.

A referee was appointed to take evidence and report on the application for the removal of the appellant. Said referee reported that the evidence was insufficient to show that the retention of the appellant as executor and trustee would jeopardize any of the funds of the estate; and that while there was evidence of infirmity of temper on the part of the appellant, there was no evidence of dishonesty; and that if there had been any irregularities in the management of the estate, these would show upon an accounting, which was the proper remedy; and recommended that the application be denied. The executrix filed exceptions to the report. These the surrogate sustained, revoked the appellant's letters, and removed him as executor and trustee.

An examination of the record fails to disclose any evidence sufficient to sustain a finding of fact showing grounds for the removal of the appellant. The appellant had, prior to the death of the testator, his father, co-operated with him in the management of the estate. He had been brought up by the testator to care for the estate in a very simple and frugal way, doing many repairs to the various properties himself, and continued to take care of the property in that way. The testator did the natural thing in appointing the appellant. He had the right to choose whom he wished to carry out his plan in regard to the disposition of his estate and his selection is not lightly to be disregarded. (*Matter of Leland*, 219 N. Y. 387.) Under the statutory provisions and the authorities, nothing less than mental or physical disability

such as to render the appointee of the testator incapable of understanding or performing the duties of the trust, or dishonesty in money matters, from which it might be inferred that the estate would be put in jeopardy, is sufficient to justify his removal. (Code Civ. Proc. § 2569 [formerly § 2685]; now Surr. Ct. Act, § 99; *Matter of McDonald*, 160 App. Div. 86; affd., 211 N. Y. 272; *Matter of Leland, supra; Matter of Latham*, 145 App. Div. 849.)   The evidence does not show any of these conditions.

It appears from the briefs of both parties that, since this proceeding was instituted, the appellant has satisfactorily accounted; but since this fact does not appear in the record, it has not been taken into consideration by the court.

It follows that the decree should be reversed and the petition dismissed, with costs to the appellant.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Decree reversed and petition dismissed, with costs to appellant.