In the Matter of the Estate of JOSEPH SHENK, Deceased.

Surrogate's Court, New York County, July 1, 1925.

Executors and administrators — removal of executors — proceeding to revoke letters of executors and for their removal on ground of misconduct under Surrogate's Court Act, § 99, subd. 2 — evidence insufficient to establish that they have wasted funds of estate, improperly managed property, or have been generally dishonest so as to warrant removal — payment of funds of estate after oral prohibition of surrogate not such willful disobedience of direction of surrogate as to warrant removal pursuant to Surrogate's Court Act, § 99, subd. 3 — conduct of executors in voting themselves additional compensation as representatives of estate in corporation does not amount to dishonesty.

The letters of executors should not be revoked, nor should the executors be removed as executors and trustees, under subdivision 2 of section 99 of the Surrogate's Court Act, where, while it appears that they have in some matters shown little appreciation of their duties as executors or trustees, the evidence is insufficient to establish that they have wasted or improperly applied the assets of the estate, otherwise improperly managed or injured the property committed to their charge, or been guilty of dishonesty within the meaning of the statute.

The fact that they made payments out of funds of the estate in spite of an oral prohibition of the surrogate, is not such a willful disobedience of the direction of the surrogate contained in a decree or order as to warrant their removal, pursuant to subdivision 3 of section 99 of the Surrogate's Court Act. Nor does their conduct in voting themselves additional compensation, as representatives of the estate in a corporation, amount to such dishonesty as to warrant their removal.

PROCEEDING to revoke letters of executors named in will and for their removal.

*Lorenz & Lorenz* [*Francis G. Caffey, Joseph Lorenz* and *Sol Boneparth* of counsel], for the petitioner.

*Morrison & Schiff* [*Clarence J. Shearn* of counsel], for the respondents.

FOLEY, S.:

This is a proceeding brought to revoke the letters of three of the executors named in the will, and for their removal as executors and trustees of the estate. The petitioner is the widow of the deceased. She is herself an executrix and is one of the legatees and beneficiaries of the trust. An order of reference was made to take testimony and report with opinion on the issues raised by the answer to the petition. The referee has reported that the three respondents, Isidore Braveman, Reuben Dworkin and Max Matzkin, should be removed. After a careful examination of the testimony taken by him, the exhibits and the briefs of counsel, I am unable to agree with the conclusion reached by the referee and hold that confirmation of the report must be denied.

The power of the surrogate to revoke the letters of an executor or an administrator for misconduct has been greatly limited by the language of sections 99 and 101 of the Surrogate's Court Act, and by the decisions of the appellate courts. (*Matter of Jung*, 205 App. Div. 37, 39; *Matter of Appell, No. 1*, 199 id. 574; *Matter of Leland*, 219 N. Y. 387; *Matter of Doscher*, 165 App. Div. 193; *Matter of Latham*, 145 id. 849.) The material subdivision of section 99 which applies to the issue here provides that letters of an executor may be revoked by decree of the surrogate:

" 2. Where, by reason of his having wasted or improperly applied the money or other assets in his hands, or invested money in securities unauthorized by law, or otherwise improvidently managed or injured the property committed to his charge; or by reason of other misconduct in the execution of his office, or dishonesty, drunkenness, improvidence, or want of understanding; he is unfit for the due execution of his office."

Especially in the case of proceedings against executors the statutory grounds of misconduct must be established. As stated

Surrogate's Court, New York County, July, 1925. [Vol. 125

in *Matter of Leland* (219 N. Y. 387, 393): " The testator still enjoys the right to determine who is most suitable among those legally qualified to settle his affairs and execute his will, and his solemn selection is not lightly to be disregarded." In the present estate the only possible statutory grounds upon which the charges may be sustained are, *first*, that the respondents have wasted or improperly applied the assets of the estate in their hands; *second*, otherwise improperly managed or injured the property committed to their charge; *third*, that they have been guilty of dishonesty. While the record clearly shows that the respondents have in some matters shown little appreciation of the duties of an executor or a trustee, the evidence is insufficient to establish any one of the three grounds of misconduct just enumerated. The estate is a large one amounting to over $2,000,000. By reason of the recent rise in values of New York real estate and the proceeds realized from the sale of some of the properties, the estate is now in a healthy and conservative condition. While the respondents and the petitioner differed in their policy as to the sale, their efforts have contributed to this result. The respondents were the testator's close friends or business associates for many years. The charges involve items relatively small when compared with the size of the estate and the financial transactions during the administration of the estate. The differences between the respondents and the petitioner have been unfortunate and have imposed burdensome litigation and expense upon the beneficiaries. Many of the situations which have arisen might have been avoided by more judicious advice and tactful conduct on the part of the attorneys for the executors. In view of the objection of the widow to the payment of the attorneys' bill against the Shenk Realty and Construction Company on the ground that it was exorbitant, no compromise should have been made of that claim. Because of the double relation held by the firm of attorneys as creditors and attorneys for the estate, their rights should have been determined by an action at law with the selection of impartial counsel to represent the corporation. Resort might also have been made to an appropriate determination in the proceeding in the Surrogate's Court. It fairly appears, however, from the evidence that a sum in excess of the amounts already paid to the attorneys is due. No loss, therefore, had resulted to the corporation or to the estate by reason of the respondents' actions in this matter. The conduct of the respondents and their attorneys in permitting the payment of additional installments after the oral prohibition of the surrogate and their cynical and evasive explanation likewise indicate a lack of appreciation of their trust responsibilities. This disobedience, however,

was not a willful refusal to obey the " lawful direction of the surrogate contained in a decree or order," which is made a ground of removal by subdivision 3 of section 99 of the Surrogate's Court Act.   A formal order was made subsequent to the oral instructions and the mandate against further payments has been obeyed.   It is also charged that the respondents acting as the representatives of the estate created unnecessary offices in the Shenk Realty and Construction Company and voted to themselves salaries as such officers and directors.   The respondents maintain that they were advised by their attorneys that such procedure was lawful and that when objection was made, payment of the salaries was immediately stopped.   In an estate where practically all the assets are composed of shares of stock in a closely held corporation, the executors have no right, in the absence of extra duties actually rendered by them to the corporation, to vote themselves additional compensation, or to profit indirectly by virtue of their office as executors. The ample commissions now fixed by law, which in this estate approximate $38,000 for each executor, furnish sufficient compensation for their services.   But the conduct of the respondents here on this specification does not appear to amount to dishonesty or justify the findings that the assets of the estate were wasted by them.   The small amount involved and the financial standing of the respondents render the amount easily recoverable either as a surcharge upon the accounting, or through an appropriate action against the executors and officers of the corporation.

As to the findings relating to the Ardsmore Estates, Inc., charges, I find no statutory ground of removal in the conduct of the respondents.   There is no proof that they participated in any attempt to defraud the Shenk corporation or the estate.   The testimony as to the alteration by the attorneys of the terms of the proposed compromise does not support the finding that there was any attempt on their part to favor the Ardsmore Estates, Inc., or its stockholders, to the prejudice of the estate beneficiaries.   The negotiations for the settlement of the disputed claims between the two corporations were never completed and a foreclosure action was properly begun at the direction of all of the executors.

In *Matter of Jung (supra)* Mr. Justice FINCH, in discussing the grounds for revocation of letters, said: " Under the statutory provisions and the authorities, nothing less than mental or physical disability such as to render the appointee of the testator incapable of understanding or performing the duties of the trust, or dishonesty in money matters, from which it might be inferred that the estate would be put in jeopardy, is sufficient to justify his removal." Again in *Matter of Latham (supra)* the word " *dishonesty* " as used

in the statute is defined to mean dishonesty in money matters from which a reasonable apprehension may be entertained that the funds of the estate would not be safe in the hands of the executor. None of the acts of the respondents here constitute dishonesty as thus defined. No waste or improper application of the assets of the estate has been shown. The various decisions of the courts construing the sufficiency of the grounds for revocation or removal compel a conclusion that the charges are insufficient to justify revocation of the letters. While the statute appears to require stronger grounds of misconduct to justify a removal, the actions of the respondents, if persisted in, may lead to the denial of commissions to them upon an accounting. Any appearance of self-interest or disregard of their duties as executors should be avoided hereafter by them. That instruction likewise applies to the action of the executors in paying the widow and other persons interested in the estate salaries from the treasury of the corporation. All such distribution must be made by legal action either in the form of dividends or other proper distribution to the executors and the amounts paid out by them as income to the beneficiaries of the trust.

Submit decree on notice accordingly, which may contain the present prohibition restraining certain acts of the respondents.