In the Matter of the Estate of BENJAMIN HAWKER, Deceased.

Surrogate's Court, New York County, July 12, 1927.

**Trusts — trustees — cotrustee not removed under Surrogate's Court Act, § 99, for inactivity or for failure to join in deed — order to show cause proper remedy.**

This application to remove a cotrustee based on his failure to join in a deed or actively to perform the duties of trustee is denied since the grounds stated do not constitute one of the grounds specified in section 99 of the Surrogate's Court Act.

Surrogate's Court, New York County, July, 1927.        [Vol. 130

*It seems*, that the proper remedy of the petitioner is to procure an order requiring the cotrustee to show cause why he should not join in the conveyance of the property.

APPLICATION to remove cotrustee.

*John D. Armstrong*, for the petitioner.

*William L. Stout*, for the cotrustee.

O'BRIEN, S.   The application to remove the cotrustee and to have the petitioner declared the sole trustee of the above-entitled estate is denied.   From the papers submitted it appears that none of the grounds specified in section 99 of the Surrogate's Court Act for the removal of a trustee has been shown.   (*Matter of Jung*, 205 App. Div. 37; *Matter of Shenk*, 125 Misc. 386.)   The mere failure of the cotrustee to join in the deed of conveyance of the real property in question, or to actively perform the duties of trustee, does not constitute ground for removal.

It would seem that the proper remedy of the petitioner, in view of the claim of the cotrustee that the proposed price for the property in question is inadequate, is to procure an order requiring the cotrustee to show cause why he should not join in the conveyance of the property.   Upon the return of such order the surrogate, upon the proofs submitted, can determine the question of the fair consideration of the real property and the appropriate order to be made with respect thereto.

Submit order on notice accordingly.