In the Matter of the Petition of GEORGE O'KEEFE, Appellant, for Revocation of the Letters Testamentary Heretofore Issued to WILLIAM O'KEEFE, as Executor, etc., of THOMAS H. O'KEEFE, Deceased; WILLIAM O'KEEFE, as Executor, etc., of THOMAS H. O'KEEFE, Deceased, Respondent. (Appeal No. 1.) — In a proceeding instituted in the Surrogate's Court of Nassau county by George O'Keefe, here appellant, a legatee under the last will and testament of the deceased, for a decree revoking the letters testamentary heretofore issued to William O'Keefe, as executor, here respondent, decree dismissing the proceeding on the merits, with certain costs, reversed on the law and the facts, with costs to the appellant, payable by the respondent personally, and matter remitted to the Surrogate's Court with a direction to enter a decree revoking the letters testamentary. It is necessarily inferable from the proofs that the respondent-executor, without notice to the legatees under the will, secretly acquired for himself, during the unexpired term of a lease of real estate held by the testator in his lifetime and belonging to the estate, a new lease of the same premises. The estate's lease contained an option to the testator to purchase the fee for $15,000. The lease thus obtained by the executor individually contained a like option. He subsequently exercised this and took title to the fee in the name of a dummy, who later conveyed it to a corporation bearing the executor's name and controlled by him. The respondent thus violated his trust. (*Mitchell* v. *Reed,* 61 N. Y. 123,

129; *Meinhard* v. *Salmon*, 249 id. 458.) He was thereby guilty of conduct warranting and in our opinion necessitating his removal (Surr. Ct. Act, § 99, subd. 2; *Matter of Wechsler*, 152 Misc. 564; *Matter of Heyen*, 40 id. 511), because of jeopardy to the estate as to assets still unadministered. (See *Matter of Jung*, 205 App. Div. 37, 39.) None of the several defenses urged by the respondent in his answer was established by the proofs. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.