## HAWLEY v. HAWLEY.

### No. 7253.

United States Court of Appeals for the District of Columbia.

Decided July 29, 1940.

Raymond M. Hudson, Minor Hudson, and Geoffrey Creyke, Jr., all of Washington, D. C., for appellant.

William A. Gallagher, of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and VINSON, Associate Justices.

MILLER, Associate Justice.

·On May 5, 1938, Louise A. Hawley, appellant herein, petitioned the Probate Court of the District of Columbia for an order upon the appellee to show cause why she should not be removed as executrix of the estate of Charles A. Hawley, and why she should not be punished for contempt of court.

---

Appellant's petition was abandoned and withdrawn on May 10, 1938. Nevertheless, on May 18th, following, she moved the court, "on her petition heretofore filed in this cause and made a part hereof, to remove the executrix, Evelyn S. Hawley and require her to turn over all the assets of the estate to a collector, receiver or administrator, or to give a special bond with sufficient security to pay all the debts of the estate, and that the said Evelyn S. Hawley be declared in contempt of Court and be punished for the matters and things set out in the said petition." On June 29, 1938, the court, without opinion, entered a decree ordering that the motion and petition be denied, that the petition be dismissed, and that an intervening petition for reargument upon the motion and petition be denied also. This appeal was taken from the decree.

■ The action of the lower court must be sustained. Considering, first, appellant's contention that the court erred in refusing to remove appellee as executrix, her petition alleged no ground sufficient to support an order for removal. The rule is well settled that an executor or administrator can be removed only for legal causes specified in the statute, which confers power upon the Probate Court.[1]

■ In the District of Columbia the Probate Court is given power "to grant and, *for any of the causes hereinafter mentioned,* to revoke letters testamentary."[2] [Italics supplied] But it is forbidden, "under pretext of incidental power, or constructive authority," to exercise any jurisdiction whatever not expressly given by the Code.[3] Like its predecessor[4] the Orphans' Court of Maryland, it is a court of special jurisdiction with limited powers.[5] Consequently, unless power to remove an executor for a particular cause can be found in the statute, or by necessary inference therefrom, it does not exist.[6] The court is given general power to require an executor "who appears to be in default in respect to the rendering of any inventory or account or the fulfillment of any duty in said court to be summoned to appear therein and fulfill his duty in the premises, on pain of revocation of his power to act; and on his appearing the court may pass such order as may be just; and upon his failure to appear, after having been duly summoned, may revoke his power to act and make such further order and other appointment as justice may require."[7] The Code also specifies particular grounds for the removal of an executor.[8] It is sufficient to say that the alleged misconduct of appellee

---

[1] See Miller v. Hider, 9 Colo.App. 50, 47 P. 406; In re Shenk's Estate, 125 Misc. 386, 211 N.Y.S. 514; In re Zartner's Will, 183 Wis. 506, 198 N.W. 363; Clark v. Patterson, 214 Ill. 533, 73 N.E. 806, 105 Am.St.Rep. 127; Note, Ann.Cas. 1915D, 284; Note, 138 Am.St.Rep. 525. See also, In re Estate of Patten, 7 Mackey, D.C., 392, 405; In re Atkins' Estate, 121 Cal.App. 251, 8 P.2d 1052.

[2] D.C.Code 1929, tit. 18, § 124.

[3] D.C.Code 1929, tit. 18, § 132. See Cook v. Speare, 13 App.D.C. 446.

[4] Richardson v. Daggett, 24 App.D.C. 440.

[5] Richardson v. Daggett, 24 App.D.C. 440; Levering v. Levering, 64 Md. 399, 410, 2 A. 1, 3: "It has been held in some of the states that the power of removal is inherent in courts of probate, and must necessarily exist in order to prevent a failure of justice. * * * In Maryland, however, an executor or administrator can only be removed for legal and specific causes, and after citation and an opportunity to be heard in opposition to the motion. The orphans' court has no constructive powers. It has few of the attributes appertaining to courts of general jurisdiction. Its jurisdiction is limited and created by statute, and its ex-

ercise of power can receive no support from presumptions. We must therefore look to the sources of its power, which are to be found in the numerous legislative enactments designating its duties and conferring the jurisdiction necessary to the proper performance of its functions."

[6] Guthrie v. Welch, 24 App.D.C. 562, 567: "In the matter of the removal of an executor there is, of course, a limitation upon the authority of the court that it cannot be done without just cause, for the reason, as already stated, and as is well settled, that the executor does not derive his authority from the court, but from the will of the deceased; and the power to remove must therefore be specifically granted by the statute." Cf. Emery v. Emery, 45 App.D.C. 576.

[7] D.C.Code 1929, tit. 18, § 134.

[8] (1) Misconduct or negligence of a coexecutor, coadministrator, or cocollector (tit. 29, § 77); (2) failure to file additional bond required by the court (tit. 29, §§ 78, 132); (3) failure of a nonresident fiduciary to file power of attorney (tit. 29, § 88); (4) wasting assets of the estate (tit. 29, § 132); (5) selling, pledging or disposing of assets without order of court (tit. 29, § 232); (6) concealment of assets (tit. 29, § 254); (7) failure to re-

in the present case [9]—assuming the allegations to be true—does not come within any of these specifications.

▆ Concerning the filing of a special bond by an executor who is residuary legatee of the estate, the Code provides merely that the executor shall "give bond with security approved by the court, and in a penalty prescribed by the court * * · *." [10] And the rules of the Probate Court require only that the petition for special bond shall "state the facts on which *this privilege is claimed.*" [Italics supplied] [11] Where a bond given is insufficient, as is claimed in this case, the Code expressly provides a remedy. Section 78 of Title 29 permits the court, if it shall be satisfied that the bond already given is insufficient, to require the filing of an additional bond, and failure of an executor to comply with its order may constitute cause for revocation of his letters. [12]

Although appellant, in her motion of May 18th, requested such relief, in the alternative, the record fails to show that the court's failure to require such an additional bond constituted an abuse of discretion from which an appeal will lie. [13]

▆▆ The second ground of appellant's petition is equally without avail to her. Assuming—solely for purposes of argument—that the Probate Court has power to punish for contempt [14] and that an order dismissing such a petition is appealable, [15] still, appellant must fail because she has not the requisite interest to appeal. The District of Columbia Code provides[16] and this court has held [17] that an appeal can be taken only by one who is directly aggrieved by the order appealed from. No such showing has been made in this case. [18]

Affirmed.

---

turn an account within the time allowed (tit. 29, § 263); (8) failure to invest funds as ordered by the court (tit. 18, § 133). Proof of a will after the grant of administration operates as a revocation of the letters of administration (tit. 29, § 76).

[9] The pertinent allegations of appellant's petition are as follows: "That on or about October 7, 1930, Evelyn S. Hawley filed a petition duly verified under oath by herself, praying that the said general administration bond of $30,000 be revoked and the order directing same be vacated and that she be permitted to file a special bond to pay the debts and damages of the estate. In this petition, which is referred to as a part hereof, Evelyn S. Hawley stated and represented to the Court that all of the debts of the estate of said Charles A. Hawley, deceased, had been paid, except three which were disputed, namely:

"Overruled: Gordon, J.

| | |
|---|---|
| "Dr. F. Scott Avery | $250.00 |
| Harry Lamson | 3000.00 |
| Walter C. Balderston | 1750.00 |
| Total | $5000.00 |

She well knowing at the time that the said $2700.00 note owned by this petitioner hereinafter described had not been paid and that she had paid interest on it.

* * *

"... The record does not indicate that Evelyn S. Hawley ever reported to the Court the insolvency of her surety and this petitioner has been unable to learn that she so reported to the Court.

* * *

"The petitioner is informed, believes and so charges that at the time that Evelyn S. Hawley on or about October 7, 1930, filed the said petition stating the creditors of the estate, there was another large creditor which the said Evelyn S. Hawley did not mention and which the said Evelyn S. Hawley has since paid, but the said Evelyn S. Hawley has not paid this petitioner the said $2700 principal nor all of the interest due on the said note held by this petitioner."

[10] D.C.Code 1929, tit. 29, § 133.

[11] Rule 4, Probate Rules (1937); Rule 19, Probate Rules (1938).

[12] D.C.Code 1929, tit. 29, §§ 78, 132.

[13] See Cropper v. McLane, 6 App.D.C. 119.

[14] See generally, 12 Am.Jur., Contempt, § 43.

[15] See Wingert v. Kieffer, 4 Cir., 29 F. 2d 59; United States ex rel. West Virginia-Pittsburgh Coal Co. v. Bittner, 4 Cir., 11 F.2d 93; In re Paleais, 2 Cir., 296 F. 403.

[16] D.C.Code 1929, tit. 18, § 26.

[17] Barksdale v. Morgan, 34 App.D.C. 549.

[18] Cf. State Bar of California v. Superior Court, 4 Cal.2d 86, 47 P.2d 697.