**DAIME v. PRICE et al.**

No. 880.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 25, 1950.

Decided Feb. 16, 1950.

612

Josiah Lyman, Washington, D. C., with whom Kathryn M. Schwarz, Washington, D. C., was on the brief, for appellant.

Dan Piver, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This appeal was taken by defendant below from two orders in a replevin case, and followed by some three months an appeal noted by plaintiffs in the same case. We have today decided plaintiffs' appeal, reversing and ordering a new trial of the case. Price v. Daime, D.C.Mun.App., 71 A.2d 608. There the facts are recited in considerable detail, and need not be repeated here.

In this remaining appeal, defendant complains of two rulings by the trial judge: (1) his refusal to require plaintiffs to post a supersedeas bond pending appeal, and (2) his refusal to hold plaintiffs in contempt for failure to surrender the replevied property to defendant.

As to the first error assigned, we note that the question has become moot, because even if a supersedeas bond had been posted, it would have expired by its owns terms upon our reversal of the judgment which the bond superseded. Moreover an appealing party is not *required* to file a supersedeas bond; he is *permitted* to do so when he wishes to prevent execution on a judgment pending appeal. Municipal Court Rule 60(b). Code 1940, Supp. VII, § 17—104. See also Federal Rules of Civil Procedure, rule 73(d), 28 U.S.C.A.

Examining appellant's next contention, we cannot say that the trial judge was in error in refusing to cite plaintiffs in contempt for failure to surrender the replevied property to defendant. The Code provides that when a defendant in a replevin case prevails, "the judgment shall be that the goods, if delivered to the plaintiff, be returned to the defendant, with damages for their detention, or, on failure, that the defendant recover from the plaintiff and his surety the damages sustained by him, to be assessed by the court." Code 1940, § 11—732. This statutory provision was not followed below. Instead, the judgment read: "Wherefore judgment is given and entered herein to defendant for possession of the goods and chattels replevined herein." Appellant did not question, in the trial court or in either of the present appeals to this court, the failure to make the judgment conform to the statute. Hence there is no occasion for us to consider the incompleteness or defectiveness of the entry, if such it was. Kincade v. Wah, D.C.Mun.App., 38 A.2d 112.

But we are clear in our view that the trial court was not required to hold plaintiffs in contempt. The court had merely awarded possession of the replevied chattels to defendant. Plaintiffs promptly appealed from that judgment and took the usual steps to perfect the appeal and bring the case before us for review, though as we have seen, they did not exercise their

right to file a supersedeas bond. While plaintiffs were taking those steps, defendant made no attempt to execute on his judgment but insisted that the trial court hold plaintiffs in contempt. Such contempt would of course be civil in nature, and the rule is that action on such a matter is not reversible unless an abuse of discretion is made to appear. In re Sobol, 2 Cir., 242 F. 487; Miller v. Zaharias, 7 Cir., 168 F. 2d 1; Keesing v. Solomon, 2 Cir., 142 F.2d 1005; 2 Am.Jur., Appeal and Error, § 118.[1] No such abuse appears from the record before us. On the contrary, the action of the trial court was entirely correct.

Affirmed.

1. See also Hawley v. Hawley, 72 App.D.C. 357, 114 F.2d 505, in which it was held that assuming—solely for purposes of argument—that dismissal of a contempt petition was appealable, an appeal may only be taken by one who is directly aggrieved

by the order appealed from. It may reasonably be doubted that this appellant can claim to be "directly aggrieved" in the legal sense since he ignored the more direct remedy available to him: the use of ordinary processes of execution.