**Betty M. HILL, Appellant,**

v.

**BONDED ADJUSTMENT ASSOCIATION, INC., Appellee.**

**No. 11784.**

District of Columbia Court of Appeals.

Submitted Dec. 1, 1978.

Decided Feb. 9, 1979.

Al J. Daniel, Jr., Washington, D. C., was on the brief for appellant.

No brief was filed on behalf of appellee.

Before NEWMAN, Chief Judge, and KELLY and MACK, Associate Judges.

KELLY, Associate Judge:

The issue in this case is whether the trial court abused its discretion, upon motion of plaintiff-appellant, in failing to award appellant reasonable litigation costs. Since we see nothing in the record which fulfills appellant's heavy burden to show an abuse of discretion, we affirm.

The record shows that on February 20, 1974, appellant filed a suit against appellee alleging violations of the District of Columbia debt collection law, D.C.Code 1973, §§ 28–3813 to –3814. In pursuit of that claim, appellant twice served interrogatories on appellee, requested production of documents, and attempted to depose appellee's vice president. Appellee responded to each set of interrogatories only after it was forced to do so by court order. It failed to produce any documents and presented for deposition an employee who was not with the company at the time of the activities which gave rise to the complaint and was of a lower office than the individual requested to be deposed.

On June 11, 1975, a default was taken and, upon ex parte proof, a judgment for damages and costs was entered against appellee. In order to facilitate execution of that judgment, appellant requested documents from appellee. Since voluntary compliance was not forthcoming, appellant requested and was granted an order to compel production of documents in aid of execution. Included in that order was an award of $50 for attorney's fees. When appellee failed to comply with this order, the court on September 27, 1976, granted appellant's motion for an order that appellee show cause why it should not be held in contempt of court. After a hearing on the order to show cause, the trial court discharged the order and refused to assess costs. It did, however, again compel compliance with the order of June 28, 1976. It is from the failure to hold appellee in contempt and assess costs, and from a subsequent order denying a motion for reconsideration, that appellant brings this appeal.

It cannot be denied that the decision to hold an individual in contempt is within the sound discretion of the trial court. *E. g., Daime v. Price,* D.C.Mun.App., 71 A.2d 611, 613 (1950); 5 Am.Jur.2d *Appeal & Er-*

ror § 869 (1962); Annot., 24 A.L.R.3d 662, 674, 682 (1969); *see Coleman v. Lee Washington Hauling Co.*, D.C.App., 392 A.2d 1067, 1069 (1978). Appellant's contention that that discretion is not unfettered is correct, but a decision of the trial court will be reversed only upon a clear showing of an abuse of discretion. Appellant maintains that the trial court did so abuse its discretion by "not applying in this case the recognized law regarding civil contempt," bottoming that argument on the assertion that citation for civil contempt should issue where there is a failure to comply with a court order, regardless of the motives behind that failure.

Super.Ct. Civ.R. 37(b)(2) states that upon a failure to comply with an order compelling discovery, "the court may make such orders in regard to the failure as are just," including a citation for contempt. The rule also demands taxation of costs "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

 The court, in its denial of the motion for reconsideration stated:

> [T]he Court was satisfied that the person subpoenaed neither acted in bad faith nor in deliberate defiance of a court order. Given the ambiguity and confusion which attended the prior orders in this case, this Court determined, first, that contempt would be an inappropriate remedy at this stage, and, second, that attorney's fees would not be properly awardable under the circumstances, in accordance with Superior Court Civil Rule 37(b)(2). . . .

Appellant cites significant authority for the proposition that bad faith is not a necessary element of civil contempt. *See, e. g., McComb v. Jacksonville*, 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949); *Doe v. General Hospital of District of Columbia*, 140 U.S.App.D.C. 153, 157, 434 F.2d 427, 431 (1970). While the proposition is correct, appellant cites no authority, and we have found none, for the contention that it is an

abuse of discretion for the trial judge to consider the intent of the parties in determining a just resolution of the matter before it. *See Coleman v. Lee Washington Hauling Co., supra* at 1070.

The purpose of a civil contempt citation in a situation such as the one before us is to ensure compliance with an earlier order. The court here felt that appellee had failed to comply with the June 28, 1976 order because of "ambiguity and confusion." It also felt that by clarifying the situation and ordering compliance, it had dealt sufficiently with the problem, thus obviating the need for the extreme remedy of civil contempt. *See In re Banks*, D.C. App., 306 A.2d 270 (1973). That decision appears sound.

The trial court also determined that there was no justification for taxation of costs. It implicitly determined that the "ambiguity and confusion" noted above provided substantial justification for appellee's failure to comply. Consonant with the analysis presented above, we cannot find that the court abused its discretion in so ruling.

*Affirmed.*